GREEN *et al., Plaintiffs in Error,* v. WALKER *et al.*

1. **Appeal:** PRACTICE : MOTION FOR NEW TRIAL. Rulings at the trial will not be reviewed in the supreme court in the absence of a motion for new trial. (R. S. 1879, sec. 3774.)

2. **Special Judge:** PRESUMPTIONS. The same presumptions attach to the record of proceedings in circuit courts before a special, as before the regular, judge. In the absence of evidence to the contrary, such records are presumed to have been correctly made.

3. **Appeal:** JURISDICTION. Only such exceptions as have been expressly decided by the trial court may be ground for reversal, where that court had jurisdiction to render the judgment reviewed.

Green v. Walker.

4. **Partition**: PRACTICE. A partition proceeding is an ordinary civil action. In it the circuit court may lawfully consider any legal or equitable defense, which could properly be interposed in a civil action under our code of pleading.

5. ———— : ADVANCEMENTS. Under proper pleadings in partition the interests of some of the parties, in the lands in suit, may be charged with payments, in the nature of advancements, made to them by their ancestor's executrix, under an agreement that they should be so charged.

*Error to Caldwell Circuit Court.*—Hon. John E. Wait, Special Judge.

AFFIRMED.

THIS is an action of partition to divide one hundred and eighty acres of land in Caldwell county among the heirs of John Van Winkle, deceased. The parties are his children and grand children.

Certain of the adult defendants filed an amended answer presenting this state of facts :—

John Van Winkle left a will ( since duly probated), by which he gave his widow Mary a life estate in the property in question (with power to sell the same if she should choose ), and remainder to his children equally upon her death, naming her executrix. During her lifetime she made a number of payments as executrix to several of the children upon an express written agreement with each that the same should be charged, and accounted for, as an advancement upon final distribution of the estate.

The answer prayed that each of these payments should be charged, in this proceeding, against the interest and share of the party receiving the same.

Issue was taken upon this answer.

The court found in favor of defendants thereon, and, in the final distribution of the proceeds of the estate, adopted the defendants' theory outlined above.

The cause was tried at the February term, 1885, when the court made a finding, determining the respective interests of the parties; that the land was not susceptible of partition in kind, and ordering a sale.

No motion for new trial was filed by any of the parties.

At the February term, 1886, final judgment of distribution was made upon the sheriff's report of sale, and plaintiffs filed a bill of exceptions embodying the proceedings at the trial.

Other material matters appear in the opinion.

*William A. Wood* for plaintiffs in error.

(1) The record shows that the cause was tried by JOHN E. WAIT, special judge, but the record fails to show that said WAIT was appointed, elected or agreed upon as special judge, or that he was sworn to try the case as such. His jurisdiction must be determined upon examination of the entire record. For this reason alone this cause should be reversed and remanded. *Smith v. Haworth*, 53 Mo. 88; *Schell v. Leland*, 45 Mo. 289; *Peck v. Childers*, 73 Mo. 484; Freeman on Judgments [2 Ed.] sec. 127; *Adams v. Cowles*, 95 Mo. 501; *Sweet v. Maupin*, 65 Mo. 72. (2) The amended answer of the adult defendants, on which the case was tried, and responsive to which the special judge gave judgment, presented no legal or equitable defense to the cause of action stated in plaintiffs' petition; the matters set up in said answer as therein stated do not entitle the defendants to the relief sought, and the circuit court had no jurisdiction in this suit of the subject-matter in said answer stated. The gist of the defense was the attempt to bring into hotchpot the alleged advancements, which the answer admits " were not made by John Van Winkle, who willed the lands in suit to the parties hereto," but by "his widow who was the

executrix of his will, and that they were made after the death of said John." Admitting all the allegations of said answer to be true, it did not entitle defendants to the relief sought, and which the special judge gave them. "The doctrine of bringing advancements into hotchpot can only be applied in case of intestacy." *Turpin v. Turpin*, 88 Mo. 337; 4 Kent Com. [13 Ed.] p. 418; 2 Williams' Executors [Am. Notes] p. 1608; R. S. 1879, secs. 2166, 2167. (3) An executor has no power to make advancements or take receipts for same. (4) The bringing into hotchpot of the alleged advancements was in the nature of a personal judgment, and the record discloses the fact that three of the parties, hereto affected by it, were minors and non-resident of the state, and served only by publication; the trial court had not jurisdiction to render such a judgment against them. *Bombeck v. Devorss*, 19 Mo. App. 38; *Ellison v. Martin*, 53 Mo. 575. (5) The court erred in holding that the widow of Simeon T. Van Winkle was entitled to dower in her husband's interest in the land, he not being in possession nor entitled thereto. *Hinds v. Stephens*, 45 Mo. 209; *Warren v. Williams*, 22 Mo. App. 22.

*C. S. McLaughlin* for defendants in error.

(1) No motion for new trial or in arrest having been filed, the only matter to be considered is the record proper. This consists of the pleadings, the verdict and the judgment. (2) As the formality or regularity of the selection of JOHN E. WAIT as special judge was not raised or questioned in the trial court, it is too late to raise the point for the first time in this court. Only those errors to which the attention of the lower court was called in the motion for a new trial will be reviewed by the supreme court. *Lancaster, Adm'r, v. Ins. Co.*, 62 Mo. 121; *State ex rel. v. Rucker*, 59 Mo. 17; 57 Mo. 154; 54 Mo. 219, 351; 53 Mo. 283, 176. (3) When a

suit for partition is in a court of equity, or in a court authorized to proceed with powers as ample as those exercised by courts of equity, it may be employed to adjust all equities existing between the parties and arising out of their relation to the property to be divided. "He who seeks equity must do equity." Hence, whoever, by a suit for partition, invokes the jurisdiction of a court of equity in his behalf thereby submits himself to the same jurisdiction, and concedes its authority to compel him to deal equitably with his co-tenants. Freeman on Co-Tenancy and Partition, sec. 505. (4) The statutory mode of partition found in our revised laws has never been supposed to divest courts of chancery of their jurisdiction in suits for partition. Though law and equity are now blended, yet the cases in which chancery formerly had jurisdiction are still cognizable in our courts, according to the mode of procedure now in use. *Spitts v. Wells*, 18 Mo. 468. See also *Hobert v. Hobert*, 58 Barb.; Abbott's Trial Evidence 150; Schouler on Exr's, secs. 499, 500.

BARCLAY, J.—This case is here on a writ of error, issued at the instance of plaintiffs.

No motion for new trial was made in the circuit court, upon which it might have reviewed and corrected the rulings at the trial. They are not, therefore, the subject of consideration here, under our statute declaring that "no exception shall be taken, in an appeal or writ of error, to any proceedings in the circuit court except such as have been expressly decided by such court." (R. S. 1879, sec. 3774.)

But several assignments of error refer to the record proper which has, hence, been examined.

It is claimed that there is no sufficient showing of the authority or jurisdiction of the special judge who tried the cause.

The writ of error, on which this hearing is based, was directed to the circuit court of Caldwell county. A

record in the cause has been returned, in response, by the clerk of that court.

The bill of exceptions, filed during the February term, 1886 (at which the final judgment was rendered), is part of that record. It is signed by JOHN E. WAIT, as special judge, and recites that the cause was tried before him in that capacity.

How he came to be special judge, or whether he ever was sworn, generally, or in that case, does not affirmatively appear. His actions as special judge are part of the records of that court, however, and, in the absence of any showing to the contrary, will be presumed to have been correctly taken.

The same presumptions of jurisdiction attach to the record of proceedings in circuit courts before special judges, as before the regular judge.

The present case is an action for partition, one of a class which the circuit court has power, by our laws, to entertain and adjudicate.

If the court, erroneously, permits its functions to be exercised, in any particular instance, by one not properly qualified to do so, that fact should be made to appear by the party relying on it. Where such a showing is wanting we will presume that the official record of the circuit court has been made by one entitled to make it.

II. It is next urged that, in such an action, the trial court could not properly take jurisdiction of the defense presented by the special answer seeking to charge the so-called "advancements" upon the interests of plaintiffs, and some of the other parties to the cause.

A partition proceeding is but an ordinary action in this state. In it the circuit court may lawfully consider any defense, whether legal or equitable in its nature, that could properly be interposed in civil action under our code of pleading. (R. S. 1879, sec. 3521.)

In this instance, the answer sought to charge the interests of some of the parties to the cause, in the land in suit, with certain payments, in the nature of advancements, made to them by their ancestor's executrix under an express agreement that they should be so charged. Such a defense the circuit court had the power to hear and determine. It exercised the power, and accordingly adjudicated the interests of the parties within the limits of the case made by the pleadings.

Whether the evidence at the trial warranted the conclusion reached we do not consider, in the absence of a motion for new trial in the circuit court. It is enough, in the present aspect of the case, to know that the trial court had jurisdiction to render the judgment between the parties before it.

We find the record free of any error materially affecting the merits of the case to the prejudice of the plaintiffs in error.

The assignments of error already noted are the only ones having any bearing on their interests, or requiring comment.

These views being shared by all my brother judges (except RAY, C. J., absent), the judgment is affirmed.