W. R. Herchenroeder et al., Respondents, v. Anna Herchenroeder et al., Appellants.

Kansas City Court of Appeals, May 2, 1898.

1. **Appellate Jurisdiction**: PARTITION: DISTRIBUTION: CONTRACT. Where in a partition suit the sole contention is the application of an agreed distributive share of $500 to an alleged advancement, the court of appeals and not the supreme court has jurisdiction.

2. **Partition**: JURISDICTION OF CIRCUIT COURT: CONTRACT. In a partition suit the circuit court has jurisdiction to adjust all the conflicting interests and liabilities of the parties in regard to the property partitioned and therefore can apply the distributive share of one of the parties to satisfy an advancement made by another one of the parties on such other's interest in the partitioned estate.

*Appeal from the Cole Circuit Court.*—Hon. D. W. Shackleford, Judge.

Reversed and remanded (*with directions*).

Silver & Brown for appellants.

(1) This court has jurisdiction of the appeal as the question before it does not involve the title to real estate. Appellant simply seeks to charge the sum advanced by her to Caroline Grieshammer on the latter's share in the estate adjudged to be partitioned. McGregor v. Pollard, 130 Mo. 332 (partition case); Helton v. St. Louis, 129 Mo. 389; May v. Trust Co., 138 Mo. 447, 451. (2) The demurrer could have been sustained only on the erroneous theory that the court was without jurisdiction in a partition suit to settle conflicting interests between the parties founded on claims in the nature of advancements and like matters. That it possesses such jurisdiction is abundantly settled by the following cases: Green v. Walker, 99

Mo. 68; McGregor v. Pollard, 130 Mo. 332; Gunn v. Thruston, 130 Mo. 339. Adverse and conflicting claims, even to the land itself, may be settled in a partition suit. Thompson v. Holden, 117 Mo. 118.

EDWARDS & EDWARDS for respondent.

(1) This court is clearly without jurisdiction, the title to real estate being involved. Cont. Mo., R. S. 1889, art. 6, sec. 12, p. 81; Dunn v. Miller, 18 Mo. App. 136; Bauer v. Berberich, 77 Mo. 413. In Missouri in partition cases the court is required to find before any action is taken what the title is, Revised Statutes 1889, section 7144, and shall also determine the title, right and interest of the parties in the real estate sought to be partitioned. R. S. 1889, sec. 7145; Bayha v. Kessler, 79 Mo. 555. From the filing of the petition until the final determination, the question of title to the real estate is involved. R. S. 1889, secs. 7134, 7135, 7136, *et seq.* (2) The appellant seems to misconceive the action of the lower court. Advancements must come from the parent head, not from some one who chooses to loan an interested heir a sum of money on an interest in an estate. There is not one word of evidence in this record that this petitioner ever received from her father, or any other person as to that, a sum of money as an advancement to be charged against her in the partition of this real estate.

GILL, J.—Eliminating many immaterial matters, the substance of this case may be thus stated: This is a partition proceeding, the sole controversy on this appeal being between the widow, Anna Herchenroeder, and her married daughter, Caroline Gries-
STATEMENT.    hammer, as to the one fifth of the proceeds of sale of the lot partitioned. The

parties to the suit are the widow, children and grand-children of Christian Herchenroeder, deceased. Said Christian died leaving as his heirs the widow, Anna, and five children, the said daughter Caroline being among the latter. By evidence adduced at the trial it was proved, without contradiction, that about the date of the institution of the suit, the widow, Anna Her-chenroeder, advanced to her daughter Caroline the sum of $1,000, and that this was taken and accepted by said Caroline as an advance on her one fifth interest in her father's estate. And at the trial, the court found, "that on July 2nd, 1895, she (the said widow) advanced to defendant Caroline Greishammer, in pay-ment of her share in the estate of Christian Herchen-roeder, deceased, the sum of $1,000, which is properly chargeable against the share of said Caroline," etc. Subsequently, however, the court, on the motion of said Caroline, modified its judgment by striking out the above quoted portion of the decree and ordered the said one fifth net proceeds of sale (which was $511.78) be paid to said Caroline instead of her widowed mother. From this order or judgment the widow, Anna Herchenroeder, has appealed.

As to the question of this court's jurisdiction, raised by motion to transfer to the supreme court, it is ruled against the respondents' contention. The case we have here does not involve an adjudication of title to real estate. The sole question is whether or not the share of the daughter Caroline in the money arising from sale of the lot (and which share is admitted to. be $511.78) shall be paid to her mother because of an advancement by her on that account. McGregor v. Pollard, 130 Mo. 332.

APPELLATE juris-diction: parti-tion: distribu-tion: contract.

The case here as made by the evidence is this: The appellant, Anna Herchenroeder, widow and

executrix of her husband, gave to Caroline, one of the heirs, $1,000 with the understanding and. agreement that it should be considered an advancement on said Caroline's one fifth interest in the land then about to be sold in partition. Under order of the court the lot was sold and $511.78 was the one fifth interest going to said Caroline or to the mother who had made the advancement. Under these circumstances there can be no question as to the right and justice of the mother's claim; she was in equity and good conscience entitled to the money. She had advanced to said Caroline an amount in excess of the latter's interest, and had done so too under an agreement that she, the mother, was to be compensated out of said interest.

It seems to have been the view of the trial judge that the circuit court had no jurisdiction to settle these conflicting claims. In that the court was PARTITION: juris- in error. Although this is a partition suit diction of circuit court: contract. under the statute, yet the court had jurisdiction and authority to adjust all differences between the parties, and do complete justice while it had the case in hand, and that, too, whether such claims were of a legal or equitable character. In Holloway v. Holloway, 97 Mo. 628, it was said: "The circuit court is vested with all the jurisdiction and power that a court of chancery ever had in partition suits. The mode of procedure in the exercise of that jurisdiction, as well as the mode to be pursued to obtain a review of its action by an appellate court, is, however, regulated by statute. As incident to the exercise of its chancery jurisdiction to make partition of real estate, in order to do complete justice and avoid a multiplicity of suits, it will take an account of the *mesne* rents and profits  *  *  * and of money paid to remove an incumbrance on the common property by one of the tenants."

So in Green v. Walker, 99 Mo. 68, a case some-

what similar to this, it was said, that "a partition proceeding is but an ordinary action in this state. In it the circuit court may lawfully consider any defense, whether legal or equitable in its nature," etc. See also Thompson v. Holden, 117 Mo. 118. "When a suit for partition is in a court of equity, or in a court authorized to proceed with powers as ample as those exercised by courts of equity (and such are ours), it may be employed to adjust all the equities existing between the parties and arising out of their relations to the property to be divided." Freeman on Coten. and Partition, secs. 505, 512. "When a court of equity once acquires jurisdiction it will not relax its grasp upon the *res* until it shall have avoided a multiplicity of suits by doing full, adequate and complete justice between the parties. It will not content itself in this regard by any halfway measures; it will not declare that a party has been defrauded of his rights and then dismiss him with the bland permission to assert, at new costs and further delay, those rights in another forum." Savings Inst. v. Collonius, 63 Mo. loc. cit. 295.

So we hold in this case the appealing defendant had a just and equitable claim to the $511.78 set off to her daughter, the respondent, and there is no good reason why it should not be asserted in this partition case, even though it be not strictly an equitable suit, for it is yet such a proceeding as permits all conflicts or controversies as to the subject-matter to be settled in the one action, whether they be legal or equitable in character. In the order of distribution then the lower court should have directed the payment of said $511.78 to the appellant Anna Herchenroeder and not to said Caroline Greishammer.

The judgment will be reversed and cause remanded with directions to correct the judgment in that respect. The costs of this appeal will be taxed against the respondent Caroline Greishammer. All concur.