JOHN J. JOERGER et al. v. CHRISTINE JOER-
GER, Appellant.

Division Two, January 31, 1906.

1. **ESTATE BY ENTIRETY.** A deed to a husband and wife and
the survivor of them creates an estate by the entirety.

2. ————: **Divorce: Partition.** A divorce of husband and wife de-
stroys an estate by the entirety theretofore existing between
them, and, if in the decree the legal interst of the defendant
is not awarded to the plaintiff, they are thereafter tenants in
common. And being cotenants, either is entitled to partition,
and if either dies then the devisees of the deceased one may
maintain partition against the other, unless the other's money
paid for the property.

3. ————: ————: ————: **Resulting Trust: Character of Proof.**
In a partition suit brought by the husband against the wife,
the burden is on her to show that property deeded to her and
him and the survivor of them, which estate by the entirety
was transmuted into a co-tenancy by a divorce in her
favor, was paid for with her individual money; and unless the
proof is clear and satisfactory on the point, he will be held to
be the owner of an undivided half interest therein.

Appeal from St. Louis City Circuit Court.— *Hon. War-
wick Hough,* Judge.

AFFIRMED.

*Geo. W. Lubke* and *Geo. W. Lubke, Jr.,* for appel-
lant.

(1) This being a suit for partition, and the answer
of defendant having pleaded facts entitling her to equit-
able relief, this action is an equitable one and this court

will review the whole record as if the suit had originated in this court. Sheridan v. Nation, 159 Mo. 27; Railroad v. Brandon, 81 Mo. App. 1; Robertson v. Shepherd, 165 Mo. 360; Caldwell v. Wright, 88 Mo. App. 604; Roth v. Wire Co., 94 Mo. App. 236. (2) The earnings of defendant and the profits of the business conducted by her after 1875 were her separate property and her husband could not acquire any interest therein unless she consented thereto in writing. R. S. 1899, sec. 4340; Rogers v. Bank, 69 Mo. 560; Broughton v. Brand, 94 Mo. 169; Owings v. Wiggins, 133 Mo. 630; Alkire Grocer Co. v. Ballinger, 137 Mo. 369; Case v. Espenchied, 169 Mo. 215; Lilliard v. Wilson, 178 Mo. 145. And this is true notwithstanding the fact that the marriage between the parties was contracted prior to 1875. Winn v. Riley, 151 Mo. 61. (3) The purchase of real estate by plaintiff Anton Joerger, while the husband of defendant, with her earnings or the profits of her business, either in whole or in part, must be held to be a purchase for defendant in whole or *pro tanto* notwithstanding she consented thereto, unless her consent be evidenced by a writing as required by the statute. Bowen v. McKean, 82 Mo. 594; Broughton v. Brand, 94 Mo. 169; McGuire v. Allen, 108 Mo. 403; Seay v. Hesse, 123 Mo. 450; Cooper v. Standley, 40 Mo. App. 38; McLeod v. Venable, 163 Mo. 536. (4) In partition all the rights which the several co-tenants have against each other respecting the common property may be adjusted and one tenant credited with repairs and improvements and another charged with rents. Gunn v. Thurston, 130 Mo. 339; Holloway v. Holloway, 97 Mo. 629; Spitts v. Wells, 18 Mo. 468. (5) Even though the Natural Bridge road property was not the separate estate of defendant, she was entitled either to partition in kind so that the portion improved by her might be set out to her with the improvements and repairs, thereon, or she was entitled to contribution from plaintiff for the value of the improvements and repairs. Spitts

v. Wells, 18 Mo. 468; Green v. Putnam, 1 Barb. 507; Hall v. Piddock, 21 N. J. Eq. 314; Brookfield v. Williams, 2 N. J. Eq. 341; Dougherty v. Crowell, 11 N. J. Eq. 203; Mahoney v. Mahoney, 65 Ill. 406; Martindale v. Alexander, 26 Ind. 104; Freeman on Co-tenancy & Partition (2 Ed.), sec. 509.   This is true in equity, though not at law.   McDearmon v. McClure, 31 Ark. 559; Williams v. Coombs, 88 Me. 183.   But the repairs must be such as are absolutely necessary.   Dech's Appeal, 57 Pa. St. 472; Farrand v. Gleason, 56 Vt. 663; Fowler v. Fowler, 50 Conn. 256; Alexander v. Ellison, 79 Ky. 148; Denman v. Prince, 40 Barb. 217; Clark v. Plummer, 31 Wis. 442.   (6)  If plaintiffs were entitled to partition, there being no evidence that the property in question could not be partitioned in kind, but on the contrary that it was susceptible of such division, it was erroneous to order a sale of the property and division of the proceeds.   Rhorer v. Brockhage, 15 Mo. App. 16; R. S. 1899, sec. 4425.

*Rassieur, Schnurmacher & Rassieur* and *Henry Boemler* for respondents.

GANTT, J.—This is a proceeding originally brought by Anton Joerger, Edward P. Luecking and H. J. Krembs against Mrs. Christine Joerger, for the partition of two pieces of real estate, to-wit: Lots ten and eleven of the subdivision by James B. Clay of lots one to five, in block 23 of Old Orchard tract and in block 4441 of the city of St. Louis, said lots having together a front of fifty feet, on the south side of Natural Bridge road, by a depth, to an alley southwardly, of one hundred and seventy-nine feet and six inches, and bounded west by lot nine, north by Natural Bridge road, east by lot thirteen of said block, and south by said alley, conveyed to said Joerger by deed dated the 18th day of September, 1879, recorded in book 617, page 215, in the recorder's office in the city of St. Louis; and a tract of

land situated in the county of Ste. Genevieve in the State of Missouri, all of the north half of the southwest quarter of section two, township thirty-eight, range six, east, and the north part of the south half of said southwest quarter of section two, township thirty-eight, range six, east, the last-described land containing about forty-five acres, and containing in the aggregate one hundred and twenty-five acres, more or less.

Judgment for partition and an order of sale of said land was rendered at the February term, 1903, of the circuit court of the city of St. Louis. The defendant filed her motions for new trial and in arrest of judgment, which were by the court overruled, and defendant was granted an appeal to this court.

During the pendency of this appeal in this court and on the 8th day of May, 1904, Anton Joerger, the husband, departed this life testate, and by his last will and testament devised his interest in said estate to John A. Joerger, Paul Joerger, Elizabeth Joerger, Lena Benson and Christine Hammond, and suggestion of the death of the said Anton Joerger was duly made and *scire facias* ordered to said devisees to show cause why they should not be substituted as plaintiffs in the place and stead of said Anton Joerger, which said *scire facias* was duly issued and served upon the said devisees, in January and February, 1905, commanding them to appear in this court on the first day of the April term of this court for the year 1905. And no cause to the contrary having been shown, it was ordered that this cause stand revived in their names, together with the plaintiffs Luecking and Krembs.

The interest of the said Krembs results from the giving of a note by the said Anton Joerger, on may 24, 1900, to the said Krembs, for the sum of $550, payable in one year thereafter, and the execution and delivery of a deed of trust to the plaintiff Edward P. Luecking as trustee on the undivided one-half interest of the said Anton Joerger in said real estate and lots on the Nat-

ural Bridge road as above described, the same not having been satisfied when this action was commenced nor at the date of the judgment. The answer of Mrs. Christine Joerger admitted the marriage of Anton Joerger and herself and her divorce from the plaintiff on the 25th of January, 1900, and that the description of the property mentioned in the petition was correctly set forth, and then denied all the other allegations of the petition. The answer then set up by way of cross-bill that all the real estate described in the petition was the sole and separate estate of the defendant Christine Joerger, purchased with her own money, and that she had expended large sums of money, $1,000, improving, repairing and maintaining the same, and that whatever rights the plaintiffs, Edward P. Luecking and H. J. Krembs, had acquired in the property, they had obtained subsequently to the institution of this suit and the filing of the defendant's answer herein, and with full knowledge of defendant's rights in the premises, and prayed a decree that the property described should be adjudged the sole and separate estate of the defendant Christine Joerger, and in the event the same should not be found to be her separate estate, that she should have a lien on the said property superior to the plaintiffs for the sums expended by her for improvements and repairs and such additional relief as she might merit. The reply was a general denial of the new matter set up in the answer.

The cause was referred by consent of parties, to George F. Beck, Esq., a member of the bar, to be tried, who heard the evidence and on May 9, 1901, filed his report therein with a transcript of the evidence and testimony taken before him. The evidence tended to prove without contradiction that Anton Joerger and Christine Joerger, the defendant, were married in Cincinnati, Ohio, in 1854.

The plaintiff offered and read in evidence a deed from Pattie D. McCowan and B. H. McCowan, her hus-

band, of Jefferson county, Kentucky, dated September 18, 1879, to Anton Joerger and Christine Joerger, recorded September 30, 1879, in book 617, page 215, of the St. Louis recorder's office, which was an ordinary warranty deed and conveyed the property first described in the petition, located in the city of St. Louis, on the Natural Bridge road. The habendum clause of the deed is as follows: "To have and to hold the premises aforesaid, with all and singular the rights, privileges, appurtenances, immunities and improvements thereto belonging or in anywise appertaining unto the said parties of the second part, and to the survivor of them and to the heirs and assigns of such survivor." Plaintiff also offered and read in evidence, a deed from August Kreiger to Anton Joerger and Catherine Joerger, husband and wife, dated August 28, 1890, recorded in book 45 at page 217 of the recorder's office of Ste. Genevieve county, on August 30, 1890, conveying the property secondly described in the said petition and situated in said Ste. Genevieve county. This deed is also a general warranty deed and the habendum clause is as follows: "To have and to hold the same, together with all the rights, immunities, privileges and appurtenances to the same belonging, or in anywise appertaining, unto the said parties of the second part and to the survivor of them and to their heirs and assigns forever." Plaintiff also read in evidence a deed of trust made by Anton Joerger, March 24, 1900, and duly recorded in the city of St. Louis, conveying an undivided one-half interest in the property above described on the Natural Bridge road in the city of St. Louis, to the plaintiff Edward Luecking in trust to secure to the plaintiff H. J. Krembs, the payment of a principal note for $550, one year after date, and two interest notes each for $16.50 payable in six and twelve months after date, respectively. Plaintiff admitted that H. J. Krembs knew that this partition suit was pending when he loaned the money secured by the deed of trust offered

in evidence. The evidence also disclosed that there were five children born of the marriage between Anton and Christine Joerger.

The warranty deeds offered in evidence to Anton Joerger and Christine, his wife, created an estate in them by entireties, in both tracts of land sought to be partitioned in this proceeding. By the divorce in 1900, the tenancy by entirety was destroyed, and after that date they became tenants in common in said real estate. [Russell v. Russell, 122 Mo. 235; Freeman on Cotenancy and Partition (Ed. 1874), sec. 444.]

Prima facie, then, plaintiff was entitled to a partition as prayed, and the burden rested on the defendant Mrs. Joerger to establish that she was the sole owner in equity of both the said tracts, by reason of having furnished the purchase money therefor. The property located on the Natural Bridge road was acquired in 1879 and the title remained as acquired up to the present time with the exception of the deed of trust placed upon it by Anton Joerger in favor of H. J. Krembs. No effort was made by the defendant, when she obtained the divorce from her husband, Anton Joerger, to have his legal interest in this property divested and awarded to her. In her petition for a divorce, among other allegations, the defendant alleged that her husband, Anton Joerger, was the owner of real and personal property of great value and prayed for an allowance for alimony, and was awarded one hundred dollars alimony. The evidence tends to show on the part of the plaintiff that the $550 borrowed from Krembs, was obtained for the purpose of paying the court costs, taxes, the one hundred dollars alimony, and the defendant's attorney fees. The testimony in regard to the furnishing of the money with which the Natural Bridge road property was paid for was irreconcilably conflicting. It appears that Anton Joerger when he was married in 1854 was a charcoal peddler in Cincinnati, but quit that business sometime before he left that city; that he and his wife

removed to St. Louis in 1857. He testified that he saved money selling charcoal in Cincinnati, that while he drank some he was never a hard drinker. In the fall of 1861, he enlisted in the Federal army, and was discharged in 1862 on account of disabilities. He has received pensions, at the rate of $18 at first, and then $24, and it was finally increased until he received $72 per month. At one time he got $1,800 back pay.

John Schmidt testified that he had known Anton Joerger and his wife for twenty years, that sometimes about the year 1880, as well as he could recollect, he loaned Anton Joerger $400 and that Anton repaid it in a little over a year after that time; that he thinks Anton purchased improved property with the money he loaned him. Witness had a poultry stand at Biddle Market, and Mrs. Joerger had a stand at the same market, she sold flowers and things that they raised; he saw her husband on the market every week; he came in with the wagon; both he and his wife sold things at the market; he never saw Joerger drunk as long as he stayed on the market; after Mrs. Joerger left the market, she had a dry goods store on the Natural Bridge road. There was much testimony to the effect that Mrs. Joerger was an industrious and energetic business woman, she sold flowers and vegetables, but we agree with the referee, after a careful reading of this evidence, that the proof does not establish that Mrs. Joerger carried on this business and earned all the profits arising from it by her own unaided efforts and was entitled to it as her sole and separate property. The evidence tends to show that prior to the war, at least, and for some time afterwards, she was assisted by her husband and their children. The evidence shows that Anton Joerger, in 1878, received $600 from a policy of fire insurance, which he had on certain premises leased by him, and this money was used in purchasing real estate which was afterwards sold to one Klockman, and this money, derived from the sale of the lots to Klockman, was used in 1879 to buy the lots

on the Natural Bridge road.  With respect to the farm
in Ste. Genevieve county the testimony tends to show
that Anton paid all of the purchase money, except, per-
haps, twenty-five dollars, and the evidence also pre-
ponderates that Anton furnished the means for making
the improvements on the farm.  With respect to the
repairs made on the Natural Bridge road property the
evidence does show that the defendant paid for some of
these repairs out of her own property prior to the date
of her divorce from the plaintiff, and without any re-
quest from him and without his assent.

As we have said, the testimony was very conflicting
on this question as to the furnishing of the money.  It
was altogether oral.  These witnesses testified before
the referee, who saw them and had an opportunity to
notice their demeanor and manner of testifying and
was in a much better position to judge of their credibil-
ity than we are.  There are no circumstances of such
overweening significance as to enable us to say that
Mrs. Joerger and her witnesses should be credited and
approved, and those of her husband should be disre-
garded and rejected.  The testimony tends to show a
very bitter feeling between the parties, but we have
been unable to find that clear and satisfactory proof
which ought to exist to justify us in setting aside a
legal title of over twenty years in the one instance, and
ten years in the other.  The burden was on the defend-
ant to establish that the deeds made to her and her hus-
band of these lands were in truth and in fact purchased
entirely with her own means.  We agree with the
referee that she has not sustained this burden and the
judgment of the circuit court on this branch of the case
was unquestionably right.

As to whether partition in kind can be made with-
out resorting to a sale of the premises, we think the
character of the property is such that it is not suscep-
tible of an equal division in kind, especially since the
plaintiff Anton has died since the judgment was render-

ed in the circuit court and his interest has devolved upon his five children, and this part of the decree is also affirmed.

It follows, of course, that the deed of trust in favor of Krembs is a good and valid lien on the undivided interest of Anton Joerger in the lands in suit, and as against the defendant Christine Joerger.

Our conclusion, then, is that the judgment and decree of the circuit court should be and is in all things affirmed.

*Burgess, P. J.,* and *Fox, J.,* concur.