## STATE OF MISSOURI, Respondent, v. ST. CLAIR, Appellant.

**St. Louis Court of Appeals, March 23, 1909.**

1. **PRACTICE: Presumptions: Special Judge: Oath of Office.** Where the record is silent as to the qualifying of a special judge who sat in a case, and no point was made on it below, it will be presumed that he was duly qualified.

2. **TRADEMARKS: False Device.** Where the union label, used by the Typographical Union of North America and the Allied Printing Trades Council of Missouri, was used as a device or trade mark for selling and delivering cards by one who had never obtained the right to use it, such one was liable to prosecution and punishment as provided by section 10367, Revised Statutes 1899.

Appeal from St. Louis Court of Criminal Correction.—
*Hon. H. C. Dyer*, Judge.

AFFIRMED.

*F. W. Imsiepen* for appellant.

*Phillips W. Moss, E. P. Johnson* and *Frank K. Ryan* for respondent.

GOODE, J.—This defendant was convicted under section 10367 of the Revised Statutes of 1899, on an information charging him with having in his possession and using a certain trademark, label or device of the International Typographical Union of North America, designed for and intended to be used by the Allied Printing Trades Council of Missouri, and the Modern View Printing Company; that defendant had this label or device in his possession with the intention to defraud said Typographical Union, the Allied Trades Council of Missouri, the Modern View Printing Company, and divers other persons, and defendant fraudulently and

wrongfully used said device or trademark by selling and delivering to one Howard E. Lindsay, three thousand advertising cards stamped with said device, with the intention of passing off said cards so impressed with said label by defendant, as the genuine and original cards printed by an association of Union workingmen to whom the label and stamp belonged. The regular judge of the St. Louis Court of Criminal Correction having been disqualified by the affidavit of defendant, the record says, the Hon. H. C. Dyer, a duly licensed attorney and member of the bar, was duly elected to try said cause, the case was continued to March 2, 1906, when the trial occurred before the court without a jury, and resulted in a verdict and judgment against defendant on the second count of the indictment and the imposition of a fine of one hundred dollars. Defendant appealed.

There was registered in the office of the Secretary of State a certain trademark or device of the International Typographical Union of North America, a union of working men engaged in the art of printing and allied arts. The registered device was intended to be used by the members of said Union to distinguish any goods, wares and merchandise manufacted or prepared by any member or members of the union who complied with certain rules of the organization, and entered into a contract with the Union through the Allied Printing Trades Councils in the particular city where the label was to be used—in the present case the Allied Trades Council of the city of St. Louis. Defendant, who is not a member of the Union, conducted a printing establishment in said city, as the evidence tends to show, and in 1905, there were turned out from said establishment three thousand cardboards announcing the candidacy of Howard E. Lindsay for the office of House of Delegates for the Twenty-second Ward on the ticket of the Socialist Party. On these cards the Union label of the International Typographical Union of North America appeared; thereby indicating they had been printed by Union work-

men, whereas, in truth, Union workmen were not employed in said printing establishment and the establishment had no right to use the label. The particular label stamped on those cards bore the number "85" which indicated the printing office to which the label belonged, to-wit, the Modern View Printing Company, which employed Union workmen. Lindsay testified he ordered the cards from defendant personally and paid him for them; that defendant had worked for him for six years; the Union label was on all work turned out by defendant and Lindsay supposed he operated a Union shop; that when he got the cards they had the Union label numbered 85 on them. An employee in the shop said he was working for St. Clair at the time and printed the cards under the latter's direction; that he ran the cards through the press and the Union label was among the type and the number of it was stamped on the cards when they were printed. It was admitted defendant never had made application for the use of the label of the Typographical Union of North America or any other subordinate order. He testified he never owned or had possession of it. He further testified he had no interest in the shop where said cards were printed at that time, but as to this the evidence would support a contrary conclusion. Defendant testified he set up the type for the other printed matter on the card, except the label; that it was afterwards changed by an employee in the office, so as to leave room for the Union label to be printed, but defendant did not order this and did not know it had been done; that the label was not used in his office and the cards were not printed with it. Suffice to say on this question the testimony of defendant, if believed, proved he was no party to the use of the label, did not know it was in his office and did not have possession of it; but there was also evidence the other way.

A point is raised against the competency of the special judge to sit in the case, because he did not qualify by taking the oath of office. As to this the record says

nothing, and as no point was made about it below, the presumption that he duly qualified should be indulged. [Green v. Walker, 99 Mo. 68.]

The brief for defendant complains of a supposed declaration of law given by the court, but we find no declaration in the record.

The law of this case is settled by that of State v. Bishop, 128 Mo. 373. The information and trial conformed to the statutes as construed in said decision, and there was abundant evidence tending to prove a corrupt use of the Union label by defendant in order to cause the work he was doing for Lindsay to appear to have been done by Union workmen.

The judgment will be affirmed. All concur.