MARY J. FUNK, Appellant, v. CECIL FUNK et al., Respondents.

St. Louis Court of Appeals.   Opinion Filed June 8, 1920.

1. **APPELLATE JURISDICTION:** Partition of Fund: Title to Real Estate Not Involved. In an action by a divorced wife for partition of a fund derived from the sale of land, etc., *held* that title to real estate was not involved so as to deprive the Court of Appeals of jurisdiction.

2. **ESTATES BY THE ENTIRETY:** Husband and Wife: Deed to Husband and Wife Creates an Estate by the Entirety. A deed to "C. and M., his wife," without more, created a tenancy by the entirety.

3. ——: ——: ——: Divorce: Tenants In Common. Where husband and wife hold land as tenants by the entirety, upon the destruction of the marital relation by a divorce decree they become tenants in common.

4. **HUSBAND AND WIFE:** Estates by the Entirety: Land Purchased by Husband: Presumption: Provision for Wife. Where a husband purchased land and paid the purchase price with his own funds and took the title in his own and his wife's name so as to create

an estate by the entirety, the presumption is that the interest which the wife thus took in the land was intended as a provision for her, and after divorce her interest in the land as a tenant in common with her former husband was equal to that of the latter.

Appeal from the Circuit Court of Knox County.—*Hon. James A. Cooley*, Judge.

REVERSED AND REMANDED (*with directions.*)

*F. E. Robinson, F. H. McCullough* for appellant.

(1) The warranty deed, from Roush and wife to Cecil Funk and Mary J. Funk his wife, created a tenancy by entirety in plaintiff and the defendant, Cecil Funk. Gilson v. Zimmerman, 12 Mo. 386; Garner v. Jones, 52 Mo. 68; Bains v. Bullock, et al. 129 Mo. 117, (31 S. W. 342); Hume v. Hopkins, 140 Mo. 65, 41 S. W. 784; Frost v. Frost, 200 Mo. 497, 98 S. W. 527; Holmes v. Kansas City, 209 Mo. 523, 108 S. W. 9, 1134; Moss v. Ardrey, 260 Mo. 595, 169 S. W. 8. (2) The granting of the divorce made the tenants by entirety tenants in common and the lands thus held were subject to partition. Russell v. Russell et al., 122 Mo. 235, 26 S. W. 677; Joerger v. Joerger, 193 Mo. 133, 91 S. W. 918. (3) The husband cannot in equity, attack or change such a deed as was made in this case. There is no showing of fraud on the part of plaintiff in the making or procuring of the deed and it is only upon the ground of fraud that such conveyance can be attacked or altered. Moss v. Ardrey, 260 Mo. 595, 169 S. W. 10. (4) In communities where the commuity property doctrine prevails, (which doctrine bears a very close resemblance to our tenancy by entirety) the spouse upon divorce, where the community property rights are not adjusted in the divorce proceedings, become tenants in common as to such property and neither party forfeits his or her interest therein. 9 R. C. L. Sec. 319; citing Garrozi v. Dastas, 204 U. S. 64; 27 S. Ct. 224, 51 U. S. (L. Ed.) 369. (5) Where the husband buys property and has the title placed in the name of the wife

the general rule is and the presumption is that it was in-
tended as a provision for her.   Siling v. Hendrickson,
193 Mo. 365, 92 S. W. 108;  Couch et al. v. Harp et al.,
201 Mo. 457, 100 S. W. 10-11;  Perry on Trusts, (6 Ed.),
par. 143-144.   In this case evidence shows that the de-
fendant, Cecil Funk, conducted the purchase of the land
from Roush.   No fraud is pleaded or proven in relation
to the making of the deed to defendant, Cecil and his wife
Mary J., plaintiff herein.   The deed is presumptive evi-
dence that no resulting trust was intended, but that it
was intended as a provision for the wife.   In the absence
of fraud a tenancy by entirety was created.   Darrier v.
Darrier, 58 Mo. 222;  Couch v. Harp, 201 Mo. 464, 100
S. W. 11;  Kinzey v. Kinzey, 115 Mo. 496, 22 S. W. 497.

*L. F. Cottey* and *J. C. Dorian* for respondent.

ALLEN, J.—The original petition filed herein al-
leged that plaintiff, Mary J. Funk, and the defendant
Cecil Funk, were the owners, in fee simple, of 120 acres
of land in Knox County, as tenants in common, each own-
ing an undivided one-half interest therein;  that each of
the other two parties defendant was the owner of a deed
of trust upon said land, and that the interests of plain-
tiff and defendant Cecil Funk were held subject to said
deeds of trust.   Describing the land, the petition prayed
for a partition thereof.

It is unnecessary to notice the answers filed to this
petition.   Subsequently plaintiff, by leave, filed what is
termed a "supplemental petition," alleging that the land
described in the original petition had been sold by one
Ennis, trustee in one of said deeds of trust, at a fore-
closure sale, and that the residue of the purchase price,
alleged to be about $700, then remained in the hands of
said trustee.   This petition prayed that the original suit
be consolidated with "this cause," and "the issue of the
ownership of said funds, so in the hands of said trustee,
be tried and decided in one action;" praying that plain-

tiff "have judgment as prayed in the original and supplemental petition."

The record recites that on December 7, 1916, an order of consolidation was made as prayed.

The "second supplemental and amended answer" of defendant Cecil Funk, avers that the land described in the original petition was purchased by him on January 4, 1915, at which time he and plaintiff were man and wife; and that the entire purchase price thereof was paid by him; that in November, 1915, plaintiff brought suit against him for divorce, and in February, 1916, plaintiff was granted a decree of divorce and was allowed suit money and also alimony of $150 out of his estate. This defendant then alleges that the land described in the original petition has been sold under a deed of trust which defendant assumed when he bought the land, and that there remains in the hands of Ennis, the trustee in said deed of trust, the sum of $334.73, as the surplus proceeds of said sale, which the trustee holds subject to the order of the court in this proceeding; that this defendant never received or had in his possession any money belonging to his wife, and she contributed nothing to the purchase of said property; that plaintiff and defendant, having been divorced, could not hold the land as tenants by the entirety, and that defendant, having paid the entire purchase price thereof, is entitled to receive the entire surplus remaining in the hands of the trustee. And said defendant prays that he be declared to be the owner of all of the fund in the hands of the trustee, and that the latter be ordered to pay the same to him.

Ennis, the trustee, entered his appearance and filed an answer in which he stated that he had in his hands $334.73, derived from the sale of the lands described in the petition; that as to the matters and things alleged in the petitions and answers, he had no knowledge or information sufficient to form a belief; and prayed to be discharged with his costs.

It is unnecessary to further notice the pleadings.

The evidence is that while Cecil Funk and plaintiff were husband and wife the former purchased this land with his own means, plaintiff contributing nothing thereto. The title was acquired from one Roush who conveyed the land by warranty deed to "Cecil E. Funk and Mary J. Funk, his wife," for the expressed consideration of $6000, subject to two deeds of trust, one a first deed of trust in favor of an insurance company, for $2600, and the other a second deed of trust, apparently for $1314. Defendant testified: "The amount of the principal debt secured by the mortgages claimed by me, at purchase, was $3914 and I paid the balance of the purchase price of $6000.00 in cash and I gave a note to Mr. Roush for $300.00." It appears that plaintiff joined with defendant in the execution of this note, but it does not appear that she contributed anything to the payment thereof.

The evidence shows that plaintiff obtained a decree of divorce from defendant Cecil Funk, as alleged in the latter's answer; and that subsequent to the filing of plaintiff's original petition, the second deed of trust was foreclosed and the property sold by the trustee, Ennis, subject to the first deed of trust, and that there remains a surplus in the hands of said trustee of $334.73, which is the bone of this contention.

The trial court, by its decree, finding the facts aforesaid as to the purchase of the property, held that since plaintiff and the defendant Cecil Funk were divorced at the time of bringing this suit, they "do not hold said property by the entirety, and that the defendant Cecil Funk, having paid the entire purchase price for said land, is now, in equity, entitled to receive the entire proceeds derived from the sale of said land." And it was ordered and decreed that the entire fund in the hands of the trustee be paid to said defendant.

From this judgment plaintiff prosecutes the appeal before us.

No question is raised as to our jurisdiction, and in the state of the record, as shown above, we think that title to real estate is not involved so as to deprive us of

jurisdiction. [Price v. Blankenship, 144 Mo. 203, 45 S. W. 1123.]

The appeal challenges alone the correctness of the decree below upon the facts found. And we regard it as clear that the learned trial judge erred in concluding that defendant Cecil Funk was entitled to the entire fund in controversy. The deed from Roush to "Cecil E. Funk and Mary J. Funk, his wife," without more, created a tenancy by the entirety. [Moss v. Ardrey, 260 Mo. 595, 1. c. 604, and cases cited, 169 S. W. 6.] And upon the destruction of the marital relation, by the divorce decree, plaintiff and her former husband became tenants in common. (See Russell v. Russell, 122 Mo. 235, 26 S. W. 677; Joerger v. Joerger, 193 Mo. 133, 91 S. W. 918.) Respondent concedes this, but contends that though the parties became tenants in common, their respective interests, as such tenants, must, in equity, be determined by the amount originally paid by each on account of the purchase price. This view cannot be sustained. Since this defendant purchased the land and took the title so as to create an estate by the entirety, the presumption is that the interest which the wife thus took in the land was intended as a provision for her. (See Siling v. Hendrickson, 193 Mo. 365, 92 S. W. 105.)

And there is nothing present tending to rebut or repel such presumption. As an executed gift, by way of provision for his wife, the husband was without power to deprive the wife of her interest in the land. And after divorce, plaintiff's interest in the land, as a tenant in common with her former husband, was equal to that of the latter.

We are not here concerned with the rule applicable where land is purchased with the money of one person and the title is taken in his name and that of another, the parties being strangers or standing in no special relation to each other. And the view stated above is in no wise in conflict with the rule of decision that where a husband uses in part his wife's money to purchase land,

without her written consent, and takes the title in the name of himself and wife, the conveyance at the suit of the wife will be held to make the parties cotenants in the proportion that the money contributed by each bears to the purchase price. (See Moss v. Ardrey, supra.) Such act on the part of the husband falls under the ban of the Married Woman's Acts, and constitutes a fraud upon the wife.

In Darier v. Darier, 58 Mo. 222, it was held that land purchased by the husband with his money, the title to which was taken in the wife's name, would be presumed to be an advancement for her benefit; but that fraud on her part in so obtaining the title would rebut the presumption. In the case before us there is no suggestion of any fraud on the part of the plaintiff. And in Pitkin v. Mott, 56 Mo. App. 401, l. c. 404, it is said: "But if it be conceded, as the appellant argues, that Mott (the husband) paid for the property when purchased from Rust, as it was not shown that he (Mott) was indebted at the time or that he had any intention of defrauding creditors, the transaction would constitute *prima facie* a gift to the wife, and the proceeds of a subsequent sale of the real estate could be held by her free from the claims of her husband or his creditors." See also Gilliland v. Gilliland, 96 Mo. 522, 10 S. W. 139.]

In Aeby v. Aeby, 192 S. W. 97, cited and relied upon by respondent, the land in controversy was acquired while the parties were husband and wife, the title being taken jointly in their names. Subsequently the husband obtained a divorce, and thereafter the wife, claiming to have paid the entire purchase price, brought suit to divest the husband of any apparent interest in the land. The husband filed a cross-bill asking that plaintiff be divested of any apparent interest in the land, and that the same be vested in him, on the ground that he paid the full consideration therefor. In the Supreme Court, the commissioner's opinion, adopted by the court, discusses at some length the testimony adduced, pro and con as to the amount of the purchase price paid by each, concluding by

affirming the decree below dismissing both plaintiff's bill and defendant's cross-bill and leaving the parties equal owners as tenants in common. It is argued by respondent that the opinion proceeds upon the theory that if the husband had in fact paid all of the original purchase price of the land, he would have been entitled to have the full title decreed in him. While the treatment of the case may suggest this, the opinion does not in terms so hold; and we cannot assume that had the court found the facts therein to be as alleged by the defendant, it would have held contrary to what appears to us to be well established principles, settled by the decisions of this state.

The judgment is accordingly reversed and the cause remanded with directions to enter a decree awarding the fund in controversy to appellant and respondent Cecil Funk in equal parts; the cost of this appeal to be taxed against the respondent.

*Reynolds, P. J.,* and *Becker, J.,* concur.