GEORGE J. DEVOTO, Appellant, v. NICHOLAS A. DEVOTO.—31 S. W. (2d) 805.

Division One, October 14, 1930.

*Taylor R. Young* for appellant.

*Abbott, Fauntleroy, Cullen & Edwards* for respondent.

FERGUSON, C.—This is a suit for partition of real estate and for an accounting. Plaintiff and defendant are brothers. The material allegations of the petition are: That plaintiff and defendant are seized as tenants in common of certain described real property situate in the city of St. Louis; ''that the share to said lands to which plaintiff is entitled is one-half, and that the interest of the defendant therein is one-half, and that plaintiff and defendant are the fee simple owners thereof;'' that plaintiff has expended various sums of money for the upkeep and preservation of the common property, which are set out in minute detail in his Exhibit A; that plaintiff has collected various sums of money in the way of rent for which he should be charged, and that after all credits are allowed the balance of the amounts so expended by plaintiff in behalf of the common property is $3,248.17. Continuing, the petition alleges that the property cannot be partitioned in kind without great prejudice to the owners and prays that partition be made, the land ordered sold, for an accounting between plaintiff and defendant, and that whatever sum may be found due to plaintiff in said accounting be paid to plaintiff out of the proceeds of such sale, and that after all other costs and expenses of the proceedings have been paid the net balance be divided equally between plaintiff and defendant.

Defendant's answer denies each and every allegation in plaintiff's petition except those specifically admitted; denies that plaintiff has paid the charges for the upkeep of the premises as alleged in his petition and set out in his Exhibit A; admits ''that the fee simple title in and to the real estate described in plaintiff's petition is now owned by the parties plaintiff and defendant in equal parts, that is—plaintiff and defendant is each entitled to an undivided one-half interest in said real estate.'' The answer then charges that plaintiff is indebted to defendant in the amount of one-half of an encumbrance against the property alleged to have been paid by defendant and

one-half of certain rents and profits from the premises, all of which aggregate $4,125, and asks for an accounting. The reply is a general denial.

The cause coming on for hearing, it appears, from the judgment hereinafter set out, that plaintiff and defendant in open court "admitted and stated" to the court that the case was "a proper case for partition" of the real property described in the petition, and that under the pleadings the right to a partition was admitted, and acting upon said admissions so made in open court, the court entered an interlocutory decree and judgment, which very closely follows and conforms to the prayer of plaintiff's petition, and which, omitting the land description and the recitation showing the presence at the time of the hearing of the parties plaintiff and defendant both in person and by their respective attorneys, is as follows:

"The court having been advised about the matter and both plaintiff and defendant having admitted and stated to the court that this case was a proper case for partition of the real estate and property hereinafter described and the said attorney for said plaintiff, George J. Devoto, stated to the court that the petition of plaintiff prays for a partition and that the amended answer of the defendant admits that said real estate and property should be partitioned, the court doth find, adjudge and decree,

"First: That the said plaintiff and the said defendant at all times mentioned in the pleadings herein and at the present time, are seized as tenants in common, of the real estate and all improvements thereon, and said real estate and property is described as follows:

". . . that the share of said lands and property which the plaintiff, George J. Devoto, is entitled to is likewise one-half thereof, and that the ownership and interest of the defendant therein is one-half thereof and that plaintiff and defendant are tenants in common holding the fee simple title thereof.

"The court also finds, adjudges and decrees that from the nature and amount of said property sought to be divided and the numbers and owners thereof, that partition in kind of said real estate and property cannot be made without great prejudice to the owners thereof and the court doth further order, adjudge and decree that said real estate and property be sold according to law to the highest bidder upon the following terms, to-wit: one-third cash and the balance in one and two years, the deferred payments to be secured by deed of trust on said real estate and property and to bear interest at the rate of six per cent per annum, with privilege to the purchaser of paying all cash, provided he shall elect to do so before the approval of the sale by the court.

"It appearing from the pleadings of plaintiff and the pleadings of defendant that plaintiff makes claim for reimbursement on ac-

count of certain sums which he alleges were expended by him on behalf of common property, and it appearing that defendant denies that plaintiff is entitled to the sums claimed and that defendant contends that plaintiff is entitled to account to defendant for rents and profits, and is otherwise indebted to defendant for sums expended and for work and betterments done by defendant on the common property, which plaintiff denies, the court reserves passing upon said conflicting claims and reserves jurisdiction to pass upon and decide any and all said conflicting claims and to that end it is ordered and decreed that the moneys arising from the sale of said property shall be paid into court and remain there until the court shall have adjudicated the aforementioned claims of the said parties, and when so adjudicated the sums, if any, found to be due either party, shall be paid out of the moneys arising from the sale of said property, but it is ordered, adjudged and decreed that partition and sale shall proceed as herein specified and that neither the plaintiff nor defendant shall have any lien or claim upon the property after the sale, but all their respective rights, if any they, or either of them, have, shall be satisfied out of the moneys arising from the sale of said property.''

The decree then names a commissioner to make such sale, requires that he file bond and fixes the conditions and terms thereof.

Defendant entered no objection and did not note or preserve any exceptions thereto, but plaintiff filed a motion to set aside the judgment and decree, complaining that the decree was irregular and erroneous in that the court erred in ordering a sale of the property without first having taken an account and made an adjudication of the controverted pecuniary claims of plaintiff and defendant, as set out in the petition and answer. From the action of the court in overruling plaintiff's motion, the plaintiff appealed and his appeal has come to this court.

No question is raised or suggested by either appellant or respondent as to the jurisdiction of this court to entertain and determine this appeal, but upon an examination of the record in the case that question arises, and since such jurisdiction cannot be conferred, either by acquiescence or consent, it is for us to ascertain and determine *sua sponte* whether or not this court has jurisdiction of the appeal herein. [Cunningham v. Cunningham, 30 S. W. (2d) 63, and the many cases therein cited and reviewed.]

In a partition suit the circuit court is vested with all the jurisdiction and power of a court of chancery, though the procedure in the exercise of that jurisdiction is to some extent regulated by our statute. In such suit, however, the circuit court as a court of equity, can enforce trusts between tenants in common and take an account

for rents and improvements or moneys expended by them for the benefit or preservation of the common property, when such accounting is asked, in order to do complete justice and avoid a multiplicity of suits. The pleadings in this case present no issue, contest or controversy, concerning the title to the real estate partitioned or the respective interest of the parties therein; for, as appears from the quotations we have heretofore made from the petition and answer, plaintiff alleges that he and defendant are tenants in common in, and have fee simple title to, the real estate and that each is the owner of a one-half interest therein, all of which is specifically stated and admitted by defendant's answer. The only controversy therefore in the case relates to the proper mode, manner and time of taking and adjudicating the account between plaintiff and defendant. Presumably, the appeal comes to this court on the theory that the title to real estate is involved, but as said in the. Cunningham case, supra, "the mere form of the action is not conclusively determinative of the question whether title to real estate is involved so as to confer jurisdiction of the appeal upon this court." To involve title to real estate within the meaning of the Constitution so as to give this court appellate jurisdiction "the judgment sought or rendered must be such as will directly determine title in some measure or degree adversely to one litigant and in favor of another; or as some of the cases say, must take title from one litigant and give it to another." [Nettleton Bank v. Estate of McGaughey, 318 Mo. 948, 2 S. W. (2d) 771.] The same case holds that the title to land must be a matter about which there is a contest and in Weil v. Richardson, 320 Mo. 310, 7 S. W. (2d) 348, the court says: "Title must be the issue. It must be the matter in dispute in the suit. . . ."

In Groes v. Brockman (Mo. App.), 246 S. W. 608, the Kansas City Court of Appeals holds that when the question of whether the real estate is incapable of partition in kind is a controverted issue, the title to real estate is involved so as to confer appellate jurisdiction upon this court. It may be contended that since the petition in this case alleges that the land cannot be divided in kind without great prejudice to the owners and prays the court to order same sold and the answer does not either specifically deny or admit such allegation of the petition, therefore that part of the answer in the nature of a general denial, whereby defendant "denies each and every allegation in plaintiff's petition contained" except those specifically admitted, makes a controverted issue, which under the authority of the foregoing case involves title. However, in this case, no such controversy actually arose; no testimony was heard and no contest made on that allegation of the petition and no such issue is in the case. The interlocutory decree and judgment, which we have hereinabove set out, finds the title to and the interest of the plain-

tiff and defendant in the land to be as stated, admitted and conceded by both the petition and answer; decrees partition; finds the land is not susceptible of division in kind and orders same sold; all of which is in accordance with the allegations and prayer of the petition. Defendant entered no objection to the interlocutory decree and neither entered nor preserved any exception thereto, and is bound thereby. Plaintiff took the appeal herein, and we do not understand that plaintiff is appealing from or complaining about that part of the decree that so specifically found and declared that which he alleged and asked for in his petition, and, as we have said, the defendant does not question the decree in any particular whatsoever. If then, the contention be made that upon the face of the pleadings there is a controverted issue upon the allegation of the petition relating to the kind of partition to be had, which thereby involved title to real estate, we must observe that such issue dropped out of this case when the interlocutory judgment was entered, and that the only controversy or issue now in the case and the only complaint made by appellant relates to the accounting side of this suit and has to do solely with the determination and adjudication of purely pecuniary rights and claims. It has been held by our courts of appeal that title is not involved in a partition suit where the real controversy is over the distribution of the proceeds arising from a sale of real estate under an interlocutory judgment. [Herchenroeder v. Herchenroeder, 75 Mo. App. 283; Funk v. Funk, 205 Mo. App. 178.] So, in the instant case the real and only controversy relates to the pecuniary claims of plaintiff and defendant, which, when ascertained and determined, are to be paid out of the proceeds of the partition sale. We must, therefore, hold that the appeal in this case is not one "involving title to real estate" within the meaning of the constitutional provision prescribing our appellate jurisdiction. Nor, is the aggregate amount of all the pecuniary claims in dispute sufficient to give this court jurisdiction.

In his motion to set aside the interlocutory decree, plaintiff charges that the decree denies him "due process of law" in violation of the Constitution of the United States and of this State. It does not appear that any constitutional question was raised by plaintiff at any time during the course of the proceeding and his attempt to get such question into the case by the assignment thus made in his motion to set aside the interlocutory decree must be held of no avail. Raising a constitutional question is not a mere matter of form; the question must really exist and if it does not exist it is not raised. [Canning & Packing Co. v. Evans, 238 Mo. 599.] No constitutional question exists in this case. The determination of the matters about which appellant complains can be had by application of the general and well established rules of law and legal procedure and does not in any

manner involve the construction of either the Constitution of the United States or of this State.

In Stegall v. Pigment & Chemical Co., 263 Mo. 719, 1. c. 723, this court said:

"If it could be said that the due-process clause of the Constitution is violated every time an erroneous judgment is rendered by the trial court, then by the simple process of incorporating in the motion for a new trial the assignment that the judgment was erroneous and therefore violated said constitutional provisions, every case could be brought to this court for review. That such is not the law is so self-evident as to need no citation of authority."

No constitutional question in a jurisdictional sense is presented, and as we find none of the essential prerequisites of our appellate jurisdiction, as prescribed by the Constitution, in this appeal, the cause must be transferred to the St. Louis Court of Appeals. It is so ordered. *Seddon* and *Ellison, CC.,* concur.

PER CURIAM:—The foregoing opinion of FERGUSON, C., is adopted as the opinion of the court. All of the judges concur.