Stella JOHNSON, (Plaintiff) Appellant,

v.

Mary WOODARD and Regina Goff, (Defendants) Respondents.

No. 30635.

St. Louis Court of Appeals.

Missouri.

Feb. 21, 1961.

Jerome F. Duggan, Sidney W. Horwitz, St. Louis, for appellant, Dubinsky & Duggan, St. Louis, of counsel.

Sidney R. Redmond, St. Louis, for respondents.

WOLFE, Judge.

This is an action to partition certain real estate. A motion to dismiss the petition was filed by the defendants. This motion was sustained and the petition dismissed. The plaintiff appeals from the judgment dismissing the action.

The petition, starting at paragraph 2 thereof, states:

"2. Plaintiff states that Sara C. Young died testate on the 22nd day of August, 1957, and on the date of her death was the owner of personal property and real estate which is hereinafter described; that the personal property is greatly in excess of the amount necessary to pay all claims and demands, legacies, taxes, all costs of administration, and all other debts or charges against her estate.

"3. Plaintiff states that she and the defendants, Mary Woodward and Regina Goff, are the specific and residuary devisees named under the last Will and Testament of Sara C. Young, deceased, to receive the real property owned by testatrix at her demise; and that to the best of plaintiff's knowledge and belief, the parties herein named are the only persons having or claiming any interest in and to the real estate hereinafter described."

Paragraphs 4 and 5 describe the real estate, which is located in the City of St. Louis, and the sixth paragraph sets out Article II of the last Will and Testament of Sara C. Young, which is as follows:

"I give, bequeath and devise my home located at 4562 Labadie Avenue in the City of St. Louis, Missouri, and any and all other real estate wheresoever situated to my beloved sisters, Mary V. Woodward and Stella Johnson, and my beloved niece, Regina Goff, Ph. D., to share equally, and to the survivor of them."

This is followed by formal allegations petitioning for a sale of the property and a division of the proceeds.

The motion to dismiss the petition was predicated upon the theory that to partition the real estate would be in violation of Civil Rule 96.13, V.A.M.R.

The question presented by this appeal is whether or not the petition is sufficient to grant partition of the real estate involved. It sets forth the clause of the Will by which the plaintiff seeks to establish a title subject to partition. The defendants maintain that by that clause it was the obvious

intent of the testatrix to limit the estate in the plaintiff and defendants to a life estate with the remainder in fee to the one of them that survived the others. It is contended that by reason of this a partition of the real estate would defeat the Will of the testatrix by destroying the right of survivorship. It is stated that this is contrary to Civil Rule 96.13, V.A.M.R., which provides:

"No partition or sale of lands, tenements or hereditaments, devised by any last will shall be made under the provisions of this Rule relating to partition, contrary to the intention of the testator, expressed in any such will."

Conversely, the plaintiff appellant states that to so construe the Will would be violative of Section 442.450 RSMo 1949, V.A. M.S., which is as follows:

"Every interest in real estate granted or devised to two or more persons, other than executors and trustees and husband and wife, shall be a tenancy in common, unless expressly declared, in such grant or devise, to be in joint tenancy."

It is maintained by the appellant that by reason of the foregoing Will failing to expressly declare that it devised a joint tenancy, all of the parties took the fee as tenants in common, and the property therefore is subject to partition.

■ From the foregoing it is apparent that there is a question of title to real estate involved in this action. Article V, Section 3 of the Constitution of Missouri, 1945, V.A.M.S., provides that the Supreme Court shall have exclusive appellate jurisdiction of all cases involving title to real estate. Although no point in relation to our jurisdiction is raised, we are compelled to examine the question sua sponte. Devoto v. Devoto, 326 Mo. 511, 31 S.W.2d 805; Perkins v. Burks et al., Mo.App., 64 S.W.2d 756; Mack v. Mack, Mo.Sup., 281 S.W.2d 872.

■ The fact that this is a partition suit does not, standing alone, divest us of jurisdiction and place it in the Supreme Court. In the majority of partition suits there is no dispute about title, and where the right to partition is questioned, it may arise from matters other than title. In such cases jurisdiction would be in this court. Farmer v. Littlefield et al., 355 Mo. 243, 195 S.W.2d 657. In the case of Devoto v. Devoto, 31 S.W.2d 805, loc. cit. 807, the Missouri Supreme Court stated:

" 'The mere form of the action is not conclusively determinative of the question whether the title to real estate is involved, so as to confer jurisdiction of the appeal upon this court.' To involve title to real estate within the meaning of the Constitution so as to give this court appellate jurisdiction, 'the judgment sought or rendered must be such as will directly determine title in some measure or degree adversely to one litigant and in favor of another; or, as some of the cases say, must take title from one litigant and give it to another.' "

■ An action does involve title to real estate in a constitutional jurisdictional sense when the judgment sought would directly affect or operate upon the title. Mack v. Mack, supra. We have reached the conclusion that the issues here fall within the jurisdiction of the Supreme Court, for it appears that the overriding question to be determined is the nature of the title held by the parties. This must of necessity be decided in order to decree or deny partition.

The cause is ordered transferred to the Supreme Court.

ANDERSON, P. J., concurs.

RUDDY, J., not sitting.