MARY E. THORN et al., Appellants, v. JOHN L. POYNER, Respondent.

**Springfield Court of Appeals, January 30, 1915.**

1. **COURTS: Title to Real Estate Involved: Jurisdiction of Appeal in Supreme Court.** Where a judgment appealed from involves the question of the title to real estate the Supreme Court and not the Court of Appeals has jurisdiction.

2. ———: ———: ———. Where an appeal is taken from a judgment dismissing plaintiff's bill, the object of which is to have the court declare the defendant a trustee of plaintiff as to certain land, the legal title of which is in defendant, and to vest the legal title thereof in plaintiff, the title to real estate is involved and the Supreme Court has jurisdiction of the appeal.

Appeal from Butler County Circuit Court.—*Hon. J. P. Foard*, Judge.

TRANSFERRED TO SUPREME COURT.

*John G. Wear* for appellant.

*L. M. Henson* for respondent.

STURGIS, J.—This is a suit in equity to have the court declare a resulting trust in plaintiffs' favor in certain land in Butler county, Missouri, the legal title of which is in the defendant, and to have the legal title vested in the plaintiffs. The gist of plaintiff's petition is that she was the owner of a certain note secured by a deed of trust on this land; that she intrusted this note with defendant for the purpose of collection and, if necessary, to foreclose same by selling the land under the power of sale given by the deed of trust; that instead of collecting the note, the defendant procured the owners of the equity of redemption to convey the land to him and then presented the note to the recorder of deeds and had it canceled and

the deed of trust released on the margin of the record. It is charged that defendant obtained title to the land in this manner and that the real and only consideration paid therefor was the note owned by plaintiff. the relief asked is this: "Plaintiff therefore prays that the said John L. Poyner be decreed by this court to be the trustee of the plaintiff and that whatever title he obtained to said land be divested out of him and the same be invested in the plaintiff, the said Mary E. Thorn, and for such other and further relief as equity and good conscience shall demand."

The answer admits that defendant has the legal title to the land and that he holds it adversely to plaintiffs. Defendant then pleads the Statute of Limitations and that the note in question was fully paid by the owners of the land before they conveyed same to him subject to the deed of trust just mentioned. The answer also contains a general denial.

After hearing the evidence of both parties, the court found the issues for defendant and entered a judgment dismissing plaintiffs' petition. The plaintiffs asked for an appeal and such appeal was granted to this court.

It is apparent to us that the judgment appealed from involves title to real estate and that the Supreme Court, rather than this court, has jurisdiction. In Brannock v. Magoon, 216 Mo. 722, 116 S. W. 500, the court said: "The petition is one asking for the declaration of a resulting trust in realty, and in this the title to real estate is involved, provided that it asks that the title be decreed out of one person and into another." In Haydon v. St. Louis & S. F. R. Co., 222 Mo. 126, 121 S. W. 15, the court held that a suit in equity having for its object the cancellation of a deed to real estate involves title to real estate, and that the Supreme Court had jurisdiction of the appeal. In that case, as here, the relief asked was denied, but notwithstanding this the plaintiff's appeal involves title to

real estate. In cases in which the plaintiff is denied any relief the judgment prayed for must determine the jurisdiction in case of an appeal.

The case will, therefore, be transferred to the Supreme Court.

*Robertson, P. J.*, and *Farrington, J.*, concur.