The People of the State of Illinois ex rel. Clarence D. Blachly, Appellee, v. Percival B. Coffin et al., Civil Service Commissioners, et al., Appellants.

Gen. No. 22,396.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 27, 1916. Rehearing denied December 11, 1916.

### Statement of the Case.

Petition by the People of the State of Illinois, on the relation of Clarence D. Blachly against Percival B. Coffin *et al.*, as civil service commissioners, *et al.*, respondents, in the Circuit Court of Cook county, for a writ of mandamus to compel the reinstatement of relator in the position of superintendent of the bureau of social surveys, and to compel the city treasurer and comptroller of Chicago to pay relator his back salary from the date of removal to the date of reinstatement. From an order granting the prayer of the petition and awarding the writ, respondents appeal.

SAMUEL A. ETTELSON, for appellants; ROY S. GASKILL, of counsel.

FRANCIS X. BUSCH, for appellee.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. MANDAMUS, § 139*—*when petition for reinstatement in public office sufficient.* On petition for mandamus to compel the reinstatement of relator in a public office, where respondents demurred to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the petition, petition examined and *held* to contain sufficient allegations of ultimate facts to entitle relator to the writ.

2.  CIVIL SERVICE, § 30*—*when petition for reinstatement sufficiently avers existence of ordinance creating office*.  In a petition for mandamus to compel the reinstatement of relator in a public office, an averment that on a certain date a city established a certain department by an ordinance set out in the petition *in haec verba*, *held* a sufficient averment of the passage and existence of the ordinance, although the different steps taken in passing it were not alleged.

3.  CIVIL SERVICE, § 30*—*when petition for reinstatement sufficiently avers efficient performance of duties*.  In a petition for a writ of mandamus to compel the reinstatement of relator in a public office, an allegation that petitioner had efficiently performed the duties of such position to the absolute and complete satisfaction of his superior officer, *held* a sufficient averment of the efficient performance of his duties, since such averment could not have been made more complete without averring in detail everything which relator had done in the discharge of such duties, which would involve the pleading of evidence, which is not required.

4.  MANDAMUS, § 139*—*what petition for reinstatement in public office must show*.  One seeking reinstatement in an office by a writ of mandamus must show the legal existence of the office and his right thereto as a matter of law.

5.  MUNICIPAL CORPORATIONS, § 108*—*what ordinance created bureau of social surveys of Chicago*.  On a petition for a writ of mandamus to compel the reinstatement of relator in the office of superintendent of the bureau of social surveys in Chicago, an ordinance of such city creating a bureau of social surveys in the department of public welfare, prescribing the functions of such bureau, and providing that the chief officer of such bureau shall be known as the "superintendent of the bureau of social surveys," *held* to create the office in which relator sought to be reinstated.

6.  MUNICIPAL CORPORATIONS, § 108*—*what word "bureau" implies*.  The word "bureau," as applied to a division of an administrative department, implies not only a division where business is to be conducted under certain rules and regulations, but includes the operating force as well.

7.  CIVIL SERVICE, § 12*—*how period of probation computed*.  The ordinary rule that in computing time the first day of a period must be excluded and the last included does not apply to the probationary period provided by the Civil Service Act, sec. 10 (J. & A. ¶ 1808), where the commission passes a rule that time served on probation,

*See **Illinois Notes Digest**, Vols. XI to XV, and **Cumulative Quarterly**, same topic and section number.

whether continuous or not, shall be credited on the period of probation, so that the exclusion of the first day the probationer works would conflict with the rule of the commission.

8. CIVIL SERVICE, § 12*—*when probationary period expires.* The probationary period under the Civil Service Act, sec. 10 (J. & A. ¶ 1808), of a civil service employee whose first day of service was November 13th, *held* to expire at the end of the working day of May 12th of the following year.

9. CIVIL SERVICE, § 7*—*when appointment of probationer complete.* The Civil Service Act, sec. 10 (J. & A. ¶ 1808), providing that an employee in the classified service may be discharged "at or before the expiration of the period of probation," and that if not then discharged his employment shall be deemed complete, is to be construed as meaning that the appointee, under the provisions and method prescribed by the act and rules, may be discharged at any time within the six months, to take effect at once or at the end of the period of probation, but if not discharged within such period the appointment is complete.

10. CIVIL SERVICE, § 12*—*when discharge of probationer void.* The discharge on May 13th of a civil service employee whose probationary period commenced on November 13th of the previous year, which was also his first day of work under his appointment, *held* void.

11. MANDAMUS, § 139*—*when petition for reinstatement in office not obnoxious to general demurrer.* A petition for a writ of mandamus to compel the reinstatement of relator in a public office is not obnoxious to general demurrer although it seeks both reinstatement and back salary, since, if the relator in his petition has asked some relief to which he is entitled, the petition is still good although he may have also sought some relief which he cannot obtain.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.