HENRY OSTMANN, APPELLANT, v. WILLIAM OSTMANN, MINNA OSTMANN KATIE OSTMANN, FREDERICK OSTMANN, LOUIS OSTMANN, IDA SCHROEDER, LYDIA OSTMANN, EDWIN OSTMANN, WILFRED OST- MANN, HERBERT OSTMANN, LUCILLE OSTMANN, ARTHUR OSTMANN, RALPH OSTMANN, HAROLD OSTMANN, AND ELMER OSTMANN, RESPONDENTS.—169 S. W. (2d) 81.

St. Louis Court of Appeals. Opinion filed March 2, 1943.

Motion of respondents Frederick Ostmann and Louis Ostmann for rehearing overruled March 19, 1943.

Petition for writ of certiorari denied by the Supreme Court May 4, 1943.

*Wm. Wayne, Jr.* for appellant.

226

*B. H. Dyer* for respondents Frederick Ostmann and Louis Ostmann.

ANDERSON, J.—This suit, instituted in the Circuit Court of St. Charles County, on January 13, 1940, seeks the partition, of approximately four hundred sixty-six acres of land.

The petition alleges that Henry Ostmann, father and grandfather of plaintiff and defendants, died in St. Charles County on January 13, 1930, leaving a last will and testament, in the fourth article of which he devised his home place, situated near Boschertown, St. Charles County, Missouri, containing one hundred nine acres more or less, to his wife, Minna Ostmann, so long as she should remain his widow, and upon her death or remarriage said farm should vest in his eight children, named in the fifth article of said will, in equal parts of one-eighth to each child, and to their heirs and assigns forever; and in the sixth article of which will be provided that under no circumstances should any of his lands be partitioned, sold, or conveyed within a period of ten years after his death.

The petition further alleges that Minna Ostmann remained a widow until her death on May 19, 1933; and that Carl Ostmann, named as a beneficiary in said will, died intestate on December 26,

1933, survived by his widow, defendant Lydia Ostmann, and by his eight children, all named as defendants in said petition.

The petition described the real estate left by said Henry Ostmann, and set forth in the interest of the various parties in same, and then concluded with a prayer for partition of the land.

Defendants Ida Schroeder, Katie Ostmann, and Minna Ostmann filed separate answers in said cause; defendants Frederick Ostmann and Louis Ostmann filed a demurrer to plaintiff's petition; and the other defendants filed no pleading whatsoever.

The grounds for the demurrer of Frederick Ostmann and Louis Ostmann were as follows:

"First. Plaintiff's petition does not state facts sufficient to constitute a cause of action.

"Second. Plaintiff's petition on its face shows that the cause of action attempted by plaintiff to be stated in said petition had not accrued at the date of the filing of said petition.

"Third. Plaintiff's petition on its face shows that said petition was prematurely filed.

"Fourth. Plaintiff's petition on its face shows that to maintain partition as prayed by said petition would be contrary to the intention of the testator, Henry Ostmann, Sr., as expressed in the last will of said testator mentioned in said petition and in violation of Section 1557, Statutes of 1929.

"Fifth. Said petition on its face shows that plaintiff is not lawfully entitled to the relief prayed for therein or to any relief."

The trial court sustained the demurrer, and upon plaintiff's refusal to plead further, the court dismissed the cause. This appeal followed, and the case is in this court upon appellant's assignment that the trial court erred in sustaining the demurrer to the petition.

The sole question presented by this appeal is: "Was appellant's petition filed within a period of ten years after Henry Ostmann's death?" To resolve this issue, we must determine the proper method of computing the period of time mentioned. Appellant contends that in computing the period of time mentioned in the will, the day of testator's death, to-wit, January 13, 1930, must be counted as the first day of the designated period of ten years; and respondents contend that the proper rule of computing the time is to exclude the first day and include the last day. In support of their respective positions, the parties cite many cases from this and other states. The cases are in hopeless conflict, and it would serve no useful purpose to review or analyze them at length.

Missouri, by statute has established a rule in aid of the construction of statutes, namely Section 655, R. S. Mo. 1939, Mo. R. S. A., sec. 655, which provides: "The construction of all statutes of this state shall be by the following additional rules, unless such construction be plainly repugnant to the intent of the legislature, or of the con-

text of the same statute: . . . fourth, the time within which an act is to be done shall be computed by excluding the first day and including the last, if the last day be Sunday it shall be excluded.'' This statutory rule was enacted many years ago, and practically all of the Missouri cases which deal with the question of computation of time are cases involving a statute which requires some act to be performed within a certain period of time. However, in the case at bar we are not dealing with such a statute, but are interpreting a will which enjoins the doing of an act within a specified period of time. In such a case, if it can be fairly said that the instrument being construed requires a different construction, then we are not bound to follow the statutory rule of construction. In other words, we must gather from the will the intent of the testator, and give effect to that intent.

That rule is established by our Supreme Court in Gray v. Worst, 129 Mo. 122, 130, 31 S. W: 585, 587, which case contained the question of whether or not a notice of sale under a deed of trust had been published for thirty days as required by the deed. The court applied the statutory rule, but stated that it applied only where no other intent was manifested. BARCLAY, J., who wrote the opinion, said: ''Under our positive law, 'the time within which an act is to be done shall be computed by excluding the first day and including the last,' except when the last day is Sunday—a contingency with which we need not concern ourselves in the case at bar. [Rev. St. 1889, sec. 6570.] That statute applies by its terms to the construction of the written law, *where no other intent is manifested*; but we think it should also be held to establish a convenient canon for the interpretation of contracts, *where no different meaning is exhibited by the instrument to be construed.*'' (Italics ours.)

We fully appreciate the usefulness and the advantage of having a fixed guide and uniformity in such matters, but we cannot ignore the mandate of the statute which requires us, whenever construing a will, to give effect to the intent of the testator, which intent must be gathered from the will itself. Sec. 568, R. S. Mo. 1939, Mo. R. S. A., sec. 568. When this is done, we cannot escape the conclusion that the court erred in sustaining the demurrer to the petition.

A will speaks as of the date of testator's death, and it is on that date, if the will is probated, that title to real estate vests in the devisees. Jones v. Nichols, 280 Mo. 653, 216 S. W. 962. In the case before us, the testator died on January 13, 1930, and the right of the devisees to bring a partition suit could have accrued on that date. Consequently, the testator, who stipulated in his will that no suit to partition should be brought until ten years after his death, must be held to have intended to include in that period every day upon which the devisees could have acted, which included the day of his death. In calculating the period, therefore, we must include the day

of testator's death, and since the law does not recognize a fraction of a day, January 13, 1930, must be counted as a full day. Thus considered, the ten-year period expired at midnight, January 12, 1940, and this suit was not brought within the ten-year period after testator's death.

The Supreme Court of the United States announced this same rule in Taylor v. Brown, 147 U. S. 640, 643. In that case, a patent to certain land had been issued to Thomas K. West, a Sioux Indian, on June 15, 1880, under an Act of Congress, which provided that lands acquired by an Indian under the act should not be subject to alienation or incumbrance for a period of five years from the date of the patent. A deed made by West on June 15, 1885, was attacked in the suit as being void because made within said five-year period. Mr. Chief Justice FULLER, delivering the opinion of the Court, said:

"The restraint on alienation was to continue for a period of five years. Was it the intention that the computation of time should include the day of the issue of the patent? If so, the deed of June 15, 1885, was not invalid, and the decree must be affirmed."

After discussing a number of cases, Chief Justice FULLER continues:

"The power of free alienation is incident to an estate in fee simple, but a condition in a grant preventing alienation to a limited extent or for a certain and reasonable time may be valid, and the grantee forfeit his estate by violating it. . . . If, when the patent issued, June 15, 1880, West could have conveyed but for a specific restriction taking effect at the same moment, then that date should be included in the period of five years prescribed. The *proviso* is that the title shall not be subject to alienation in the various ways described, and shall be and remain inalienable for a period of five years from the date of the patent. Possibly the language is susceptible of being construed to mean that the land should be inalienable on the day of the issue of the patent and for five years after that date, two periods of time, but we are of opinion that the more natural and the true construction is that only one period is referred to, and that the day the patent issued should not be excluded. The limitation on alienation was to be and to remain; that is to say, the land was to be on the first day not subject to alienation, and so to remain until the five years had expired. The protection of the Indian against the improvident disposition of his property was fully attained in the judgment of Congress by fixing the period of five years, and no reason is perceived why any more than that time should be assumed to have been within the legislative contemplation.

"The power to alienate came with the patent and the restriction for the period named was carefully drawn to operate *eo instanti*, that is, to commence in its entirety coincidently with the possession of the power."

In computing the time a person has lived, the day he is born must be included, because he lives on that day. If he is born on January 1, 1943 that day is the #1 day of his life, and at the end of the day on December 31st following, he will have lived 365 days, or one year. With equal force, if a man dies on January 1, 1943, that day is the #1 day of his death, and at midnight on December 31st following, he will have been dead 365 days, or one year. Consequently, the next day, January 1, 1944, could not be within one year of his death.

In the case of Irving v. Irving, 209 Ill. App. 318, the court had before it an action to have a marriage declared void, plaintiff claiming that as the defendant had obtained a divorce on June 27, 1913, and had remarried plaintiff on June 27, 1914, the marriage was in violation of the statute providing "that in every case in which a divorce has been granted . . . neither party shall marry again within one year from the time the decree was granted." The question in the case was, " Was June 27, 1914, within one year from June 27, 1913?" Mr. Justice McSurely, speaking for the court, said:

"How shall this year be computed? Complainant argues for the application of the statutory rule of 'excluding the first day and including the last' (chapter 131, sec. 1, subsec. 11, J. & A., Par., 11102) which would make the day of the marriage fall upon the last day of the year of prohibition.

"We recognize that a branch of this court, in Kahlo v. Kahlo, 204 Ill. App. 409, sustained a similar contention and applied this statute to like facts. We are not in accord with this decision. The statutory provision for 'excluding the first day and including the last' is for computation when 'the time within which any act provided by law is to be done,' which language is not applicable to the divorce statute referred to. We are of the opinion that the situation before us calls for a different rule for computing time. Under the same statute, chapter 131, sec. 1, subsec. 10 (J. & A., Par. 11102), the word 'year' used in the statute on 'Divorce' means 'a calendar year,' and, in computing time by the calendar year, days are not counted, but the calendar is examined and the day numerically corresponding to that day in the following year is ascertained, and the calendar year expires on that day, less one. Among the cases holding this to be the proper method of computation are Migotti v. Colvill, 4 Com. Pl. Div. 233; McGinn v. State, 46 Neb. 427; Marcoux v. Society of Beneficence, 91 Me. 250; Nesbit v. Godfrey, 155 Pa. St. 251; Buchanan v. Whitman, 151 N. Y. 253; Vogel v. State, 107 Ind. 374; Taylor v. Brown, 147 U. S. 640. See also; People ex rel. Blachly v. Coffin, opinion by this court in 202 Ill. App. 100, in which we applied this rule of computation, and the opinion of the Supreme Court sustaining this method, in People v. Coffin, 279 Ill. 401. . . . .

"In view of these cases we are of the opinion that the chancellor was right in holding that the year within which defendant was

prohibited from marrying expired on June 26, 1914, and that at the time of her marriage on the following day, that is, June 27th, she was free from any statutory inhibition. . It follows, therefore, that her marriage was valid, and that the decree dismissing complainant's bill was proper.''

In Geneva Cooperage Co. v. Brown, 124 Ky. 16, 98 S. W. 279, the Court of Appeals of Kentucky had before it the question of whether an action for personal injury had commenced within the time allowed by statute. The accident occurred on September 19, 1903, and plaintiff brought suit on September 19, 1904. Section 2516 of the Kentucky Statutes provides: ''An action for an injury to the person of the plaintiff, . . . shall be commenced within one year next after the cause of action accrued, and not thereafter.'' The court said:

''In the construction of this statute, the word 'year' means a calendar year. [Ky. St. 1903, Sec. 452.] And a calendar year is ordinarily and in common acceptation considered to be 365 days. But if the calendar year is computed from a given day in a month, say September 19, 1903, and the time within which the action must be brought expires in one year, it would expire on the next day before the 19th of September of the following year, namely, on the 18th of September.''

In Seaman v. Poorman et al., 272 Ill. App. 264, the appellees brought suit to partition certain real estate in the state of Illinois, and appellants, in their answer, pleaded a contract between the parties restricting the right to partition the land for a period of five years. The contract was dated June 11, 1926, and suit was filed June 11, 1931. Upon a hearing, the plea was held insufficient. On appeal the court affirmed, saying:

''It is the contention of appellant that in ascertaining the date of the expiration of the period of five years from June 11, 1926, the rule requires the exclusion of the day of the commencement of the contract, and that so reckoned the period was completed at midnight on June 11, 1931, and that this bill filed on June 11, 1931, was filed in violation of the agreement not to partition, and for that reason appellant's plea should have been sustained and the bill dismissed. In support of appellant's theory she relies upon those decisions of our courts which lay down the rule that: 'When an act is required to be performed within a specified time from a day named, the rule is, to exclude the day from which the time commences to run and include the day on which the act is to be performed.' ''

The court further said:

''But this is not a case where an act is required to be performed but the contract prohibits an act from being done for a certain limited time. Under similar cases our courts have held that the computation of time commences with the day specified.''

The court then referred to several cases, and said:

"We believe the rule adopted in those cases applies to the contract relied on in this case, and that the trial court properly held the plea of the appellant insufficient and that the decree of said court should be affirmed."

Other cases from foreign jurisdictions of like effect are Brown v. Onedia Knitting Mills, Inc. (Wis.), 277 N. W. 653; Ratcliff v. Louisiana Industrial Life Ins. Co., 185 La. 558, 169 So. 572; Birdsall v. Lewis, 156 Misc. 712, 282 N. Y. S. 846, aff. 246 A. D. 132, 285 N. Y. S. 146, aff. 271 N. Y. 592, 3 N. E. (2d) 200; American National Bank v. Service Life Ins. Co., C. C. A. Ind., 120 F. (2d) 579; Acme Life Ins. Co. v. White, Tex. Civ. App., 99 S. W. (2d) 1059; Travelers Ins. Co. of Hartford, Conn., v. Leonard, 120 N. J. Eq. 6, 183 Atl. 686; In re: Bardol's Will, 4 N. Y. S. (2d) 795, 253 App. Div. 498, 254 App. Div. 647, Mod. 300 N. Y. S. 60, aff. 16 N. E. (2d) 96; North Shore Material Co. v. Frank W. Blodgett, Inc., et al., 213 Wis. 70, 250 N. W. 841.

In the last cited case the court quoted from Siebert v. Dudenhoefer, 178 Wis. 191, 188 N. W. 610, 611, as follows:

" 'The rule is well established, on an issue of limitations, where the time is to be computed from a certain date, that in the computation the day of the date is to be excluded, and, where the computation it from a certain event the date of that event must be included.' "

The court then went on to say:

"Under the provision 'within one year after the completion and acceptance of said contract' in section 289.16 (2), Stats., the time is not to be computed from a certain date, but is to be computed from a certain event, viz., 'the completion and acceptance' of the contract. In the case at bar that event occurred some time during the 30th of April, 1929, and the balance of that day constituted the commencement and was part of the one-year period."

In our case, the testator by his will did not prohibit the filing of a partition suit for ten years after the "day or date" of his death, but stipulated, according to the petition, that no petition suit should be brought within a period of ten years "after his death." From this choice of language in the will, and from the nature of the act prohibited, being a right given by law to devisees to sue immediately in partition, we conclude that the intent expressed by the will was to include the day of the testator's death in the calculation of the ten-year period.

Holding this view, it becomes necessary to reverse the judgment and remand the case for further proceedings. It is so ordered. *Wm. C. Hughes, P. J.*, and *McCullen, J.*, concur.