ADA ADAMS, Appellant, v. MELVIN ADAMS ET AL.—No. 38691.—177 S. W. (2d) 483.

Division Two, February 7, 1944.

J. Grant Frye for appellant.

Spradling & Spradling for defendant.

ELLISON, J.—This is the third appeal in this partition suit. The others are reported in 348 Mo. 1041, 156 S. W. (2d) 610 and 350 Mo. 152, 165 ▮▮ S. W. (2d) 676. The first opinion fully states the facts. All the coparceners are heirs of Amanda E. Adams, the source of title—except the plaintiff-appellant, widow of one of Mrs. Adams' sons who postdeceased her childless and intestate. At the first trial the respondent Melvin Adams, another son, (hereinafter called the respondent) filed a cross-bill claiming title to the whole tract through a resulting trust, and alternatively seeking credit for taxes on the tract paid by him for twenty years while the title stood first in the name of his father and then of his mother.

The chancellor at the first trial denied respondent's claim to a resulting trust, and ordered partition of the tract by sale and a division of the proceeds; but allowed him credit for the taxes he had paid after the death of his mother in November, 1935. At that trial he did not ask for an accounting for money furnished by him for a dwelling house erected on the tract very shortly after it was purchased. On the first appeal this court sustained the trial court's decree denying the resulting trust, but held respondent was entitled to credit for all taxes on the tract paid by him, both before and after his mother's death, as shown by that record. The cause was reversed and remanded for an accounting of those taxes.

Before the second trial respondent sought to file an amended answer claiming credit for said taxes *and* the amount expended by him for the dwelling house. The trial court refused to permit that answer to be filed, and respondent again appealed. On that second appeal Division I held the trial court had a discretion to permit respondent to amend his answer and to grant a rehearing on the issues as to the taxes and improvements.

Then followed the proceedings to be reviewed on this third appeal. Respondent's amended answer was filed, claiming credit for said taxes and improvements. The appellant filed a reply, for the first time invoking the ten year statutes of limitations, Sec's 1002 and 1013. Subject to appellant's objections and defenses it was stipulated by the parties that the money furnished by respondent for the construction of the improvements on the tract amounted to $1442.87; and that the amount of state, county and city taxes paid by him for twenty of the twenty-six years between 1914 and 1939, with interest, was $1026.28.

The trial court found all the foregoing payments were made by respondent in good faith and in the belief that he was at the time the owner of the tract; that said improvements were made and taxes paid by him with the full knowledge and acquiescence of his mother, brothers and sisters; and that they received the benefit thereof. Accordingly the chancellor decreed said amounts, aggregating $2469.15, to be a lien on the tract, and again ordered partition thereof by sale and a distribution of the proceeds, respondent's lien to be first satisfied out of said proceeds of sale after the payment of costs.

The plaintiff-appellant Ada Adams alone appeals, assigning that the trial court erred: (1) in not enforcing the ten-year statutes of limitations, Sec's 1002 and 1013, as against respondent's claim for taxes paid and improvements made on the land more than ten years prior to the filing of his cross-bill therefor, on March 3, 1942; (2) in allowing interest on the taxes paid and including the same as a part of the lien sum against the proceeds of the partition sale; (3) in allowing credit to respondent for taxes paid and improvements made by him before the death of his mother in November, 1935—this on the theory that until that event he did not become a tenant in common; and would not be entitled to such credits except as a tenant in common. As regards the taxes, our opinion on the first appeal held contrary to that theory; and the opinion on the second appeal abided by the same view. The appellant asks us to reconsider those rulings.

We have reached the conclusion that this court does not have appellate jurisdiction on this third appeal. But in so ruling we do not want it left to inference that we are receding from our ruling on the first or second appeals, with reference to respondent's right to an accounting for taxes and improvements paid by him before his mother's death. Indeed, it might be further pointed out that under the ma-

jority rule, even in cases of *conversion*, (where there is no question of a tenancy in common) the plaintiff cannot recover the value of the converted property as enhanced by the labor or expenditure of the converter, if the latter acted in good faith and under a bona fide claim of right. 65 C. J., secs. 253, 281, pp. 140, 154.

But on this third appeal neither of the two constitutional grounds exists, ▮▮▮ on which alone we would have appellate jurisdiction: the amount in dispute does not exceed $7500; and the title to real estate is not involved. Sec. 12, Art. VI; Sec. 3, Amendment 1884, Const. of 1875, and Sec. 2078, statutes. The contrary was true as to the latter ground on the first appeal, because there the respondent claimed title to the whole tract as against the other coparceners through a resulting trust, which put the title in dispute. Tillman v. Melton, 350 Mo. 155, 159, 165 S. W. (2d) 684, 687(1). But that issue was ruled against him at the first trial and the ruling affirmed here on the first appeal. The trial court followed that decision at the third trial and again denied respondent's recovery on a resulting trust; but ruled in his favor on the accounting for taxes and improvements. Respondent did not appeal from that decree. In fact he defends it here; and the appellant complains only because of the monetary allowance to respondent for taxes paid and improvements made. The respective titles of the coparceners stand undisputed. The enforcement of respondent's equitable lien on the tract did not raise a title issue. Nettleton Bank v. Estate of McGauhey, 318 Mo. 948, 953, 2 S. W. (2d) 771, 774(7). With that issue eliminated, the mere fact that the suit is for the partition of land does not give us jurisdiction. Devoto v. Devoto, 326 Mo. 511, 514-5, 31 S. W. (2d) 805, 807(5); Burch v. Horn (Mo. Div. 1), 152 S. W. (2d) 88, 90(4), 135 A. L. R. 1063.

For these reasons the cause is ordered transferred to the Springfield Court of Appeals. All concur.