WALLACE E. FARMER, JR., Appellant, v. LORRAINE LITTLEFIELD ET AL. —No. 39756.—195 S. W. (2d) 657.

Division Two, July 13, 1946.

*Waldo P. Johnson* for appellant.

*Crouch, Crouch & Kimberlin* for respondent Jane Schmidt.

BARRETT, C.—When Ben C. Simes, Sr. died in January 1945 he owned real estate in Clinton which he devised, as a part of his residuary estate, to Lorraine Littlefield, Mildred S. Wilson, Ben C. Simes, Jr., Ben C. Farmer, William C. Farmer, Wallace E. Farmer, Jr. and Jane Schmitt. Wallace E. Farmer, Jr. acquired the one-sixteenth interests of Ben C. and William C. Farmer. After the will had been admitted to probate Wallace E. Farmer, Jr. brought this action in partition against the other tenants in common. Among other things, Wallace E. Farmer, Jr. alleged that on April 8, 1944 Ben C. Simes, Sr. had leased the property to him by written lease for a term "ending six (6) months after the discharge of the said Wallace E. Farmer, Jr. from the Army of the United States," and in addition, in the lease, had granted him "an option to purchase the

---

[10]Laws Mo 1943, pp. 353, 388; Mo. R. S. A. Sec. 847.114(d).

real estate . . . during a period beginning on the day of the discharge of the said party of the second part from the Army of the United States and ending six (6) months thereafter at and for the price of $5,000.00 during said six (6) month period . . . " upon written notice. The petition alleged that Wallace was then in the United States Army and had not been discharged. The proof was that he was then, February 1945, in India but was discharged from the service in February 1946 but up to that time had not exercised the option provided in the lease.

All the defendants except Jane Schmitt defaulted and Jane, in her answer, pleaded among other things the fourth clause of Mr. Simes' will: "I have given to Wallace E. Farmer, Jr. an option to purchase at any time within six months after his discharge from the military forces of the United States, my home property, being Lot 12 in Harmon Heights, a sub-division in the City of Clinton. Should said Wallace E. Farmer exercise said option, then the money received from sale of said property to be divided among my children and grandchildren as set forth in paragraph three hereof, and should he not purchase said property, then said real estate to go to my children and grandchildren in the same manner as set forth in said paragraph three of this will." She charged that the effect, purpose and intention of the clause was to withhold the right to partition until the expiration of the option. Mo. R. S. A., Sec. 1721. She further denied that the parties were tenants in common until the expiration of the option.

The court, in its judgment, found that it was the intention of Mr. Simes, as shown by his will, to prohibit partition until the expiration of the option and accordingly the court denied the right to partition until the expiration of that period of time.

The plaintiff, upon this appeal, asserts that jurisdiction is in this court because the action involves title to real estate. Const. Mo. 1945, Art. V, Sec. 3. The respondent, on the other hand, challenges our appellate jurisdiction, asserting that since the maximum value of the property is $5,000.00 and there is no dispute as to the ownership of the land that title to real estate was neither involved nor adjudicated.

The mere fact that the action is in partition does not necessarily mean that title to real estate is involved in the required constitutional jurisdictional sense. Adams v. Adams, 352 Mo. 489, 177 S. W. (2d) 483. If in fact title to real estate is not involved or adjudicated (Tucker v. Burford, 337 Mo. 1073, 88 S. W. (2d) 144) but the sole question involved is the mere right to partition, as for example, the right to prosecute the action—rather than the substantive right and fact of actually partitioning real estate in such a manner as to affect title to land,—jurisdiction of the cause is in the appropriate appellate

court and it is our duty accordingly to transfer the appeal. Brockman v. St. Louis Union Trust Co. (Mo.), 38 S. W. (2d) 1010; Mo. R. S. A., Sec. 2079.

Here, while the defendant denied that the parties plaintiff and defendant were tenants in common, there was no denial of their respective rights and interests in the land. In fact the defendant does not claim that the plaintiff is not entitled to partition in any event; she only claims, as she in effect pleaded, that the plaintiff's right to partition was postponed until the expiration of his option in accordance with the expressed desires of the testator. Nor did the court in any manner enter a judgment affecting the title; his finding and judgment was that it was the expressed intention of the testator to postpone the right to partition until the expiration of the option provided in the lease. Here the real question involved and adjudicated was "whether the partition sought is contrary to the intention of the testator as expressed in his will" and in that circumstance title to real estate is not involved within the ▮▮▮ meaning of our appellate jurisdiction. Kaufmann v. Kaufmann (Mo.), 40 S. W. (2d) 555, 566; Ostmann v. Ostmann, 237 Mo. App. 223, 169 S. W. (2d) 81. The option itself is not relied upon as involving title or conferring jurisdiction, nor could it be, for an option is but an offer, at most a contract (Suhre v. Busch, 343 Mo. 170, 185-186, 120 S. W. (2d) 47, 53), which confers a privilege (Lively v. Tabor, 341 Mo. 352, 107 S. W. (2d) 62, 66), but which does not in itself transfer an interest or title in land. 8 Thompson, Real Property, Secs. 4569, 4570.

It follows that the respondent's position is well taken, this court does not have appellate jurisdiction of this cause and the appeal is accordingly transferred to the Kansas City Court of Appeals. *West-hues, C.,* absent; *Bohling, C.,* concurs.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. All the judges concur.