STEWART et al. v. STEWART et al.

No. 44036.

Supreme Court of Missouri.

Division No. 2.

June 14, 1954.

Web A. Welker, Portageville, for appellants.

Harry H. Bock, Harold D. Jones, New Madrid, for respondents Fred Stewart and Jonah Stewart.

ANDERSON, Special Judge.

This is a partition suit, the subject matter being two parcels of real estate in New Madrid County—one tract consisting of 34 acres, and the other 53⅓ acres. The land was owned by John C. Stewart in his lifetime. John C. Stewart died intestate on November 29, 1951. Deceased had five sons—Fred and Jonah, who survived him; Jay T. Stewart, who died March 7, 1929; Henry Stewart, who died March 10, 1948; and Ed Stewart, who died June 4, 1950. The plaintiffs, Avon Stewart, Pauline Stewart Riley, Jay T. Stewart, Jr., John T. Stewart, Billy Gene Stewart, and Betty Jo Stewart Blankenship, are children of Jay T. Stewart, deceased. Defendants Nora Stewart, Raymond Stewart, Henry J. Stewart, and Barbara Jean Stewart are children of Henry Stewart, deceased. Defendants Peggy Joyce Stewart, Pansy Stew-

art, Doris Stewart, Scottie Stewart, Pink Stewart, Larry Stewart, Harry Stewart, and Trudy Stewart are children of Ed Stewart, deceased. Jonah Stewart and Fred Stewart, the surviving sons of John C. Stewart, and Fred Stewart as Administrator of the Estate of John C. Stewart, deceased, were also made defendants in said cause. However, the cause as to Fred Stewart as Administrator of the Estate of John C. Stewart, deceased, was thereafter dismissed.

It is conceded by all concerned that plaintiffs and defendants are tenants in common. The six plaintiffs are each entitled to a one-thirtieth interest, having a total interest in the land of one-fifth; the four children of Henry Stewart, deceased, are each entitled to one-twentieth interest, having a total interest in the land of one-fifth; and the eight children of Ed Stewart, deceased, are each entitled to a one-fortieth interest, having a total interest of one-fifth. Defendants Fred Stewart and Jonah Stewart, the surviving sons of John C. Stewart, are each entitled to a one-fifth interest. Section 468.030 RSMo 1949, V.A. M.S.

The prayer of the plaintiffs' petition was "that partition of said lands may be made between the plaintiffs (in severalty) and defendants according to their respective interests therein; and if partition in kind cannot be made without great prejudice to the owners, that the same may be ordered sold and the proceeds divided among the said parties in proportion to their respective interests, and that the defendants be required to account for the rents, profits of occupancy, and use of said lands for the time they have farmed and operated the same and for the crops matured thereon at the time of the death of John C. Stewart, and for such other and further orders, decrees and relief as to the court may seem meet and just in the premises."

In their answer, defendants Jonah Stewart and Fred Stewart, and Fred Stewart as Administrator of the Estate of John C. Stewart, deceased, prayed that their share in said property be set off to them in one parcel, jointly in kind. A like answer was filed by the defendants who were the children of Edward Stewart, deceased. The remaining defendants, children of Henry Stewart, filed an answer in which they alleged that: "the property in controversy can be divided in kind without prejudice to any of the owners and pray for the appointment of commissioners by the Court so that the land may be divided in kind among all the owners."

Thereafter, commissioners were appointed. The commissioners were instructed to make partition according to the respective rights and interests of the parties; that if in their opinion the lands involved could not be divided in kind without great prejudice to the owners, they should report said fact to the court in writing; that if in their opinion the lands could be divided in kind they should allot the several portions or shares to the respective parties, "quantity and quality relatively considered"; and in that connection they were instructed that two or more shares could be set off in one lot or parcel. The commissioners were then ordered to report to the court as to the manner of executing their trust, and instructed that should they divide the land or any part thereof in kind, their report should describe the respective shares allotted to each party or parties, showing the quantity of each share, the boundary, courses, and distances of same.

The commissioners filed their report, setting off to Fred Stewart and Jonah Stewart the 34 acre tract; to defendants Nora Stewart, Raymond Stewart, Henry J. Stewart and Barbara Jean Stewart, an undivided one-half interest in the east two-thirds of the 53⅓ acre tract; to defendants Peggy Joyce Stewart, Doris Stewart, Pansy Stewart, Scottie Stewart, Pink Stewart, Larry Stewart, Harry Stewart, and Trudy Stewart, an undivided one-half interest in the east two-thirds of the 53⅓ acre tract; and to plaintiffs the west one-third of the 53⅓ acre tract.

Plaintiffs filed objections to the report of the commissioners. A hearing was had on these exceptions at which testimony was

heard. At the conclusion of said hearing the court adopted the report of the commissioners and judgment was entered accordingly. From this judgment, plaintiffs have appealed.

On this appeal, it is urged that the trial court erred in allotting to the parties an undivided interest in the several parcels, contending that under the law the land should either be sold and the proceeds divided according to the respective interests of the parties, or divided in kind, with the interests set off separately. Appellants say they should not be forced to accept 17.777 acres as tenants in common.

It appears from appellants' brief that the appeal was taken to this court on two theories: (1) that title to real estate is involved, and (2) that the amount in dispute exceeds the sum of $7,500—the record showing that the land in question has a value in excess of $24,000.

■ The mere fact that the action is in partition does not necessarily mean that title to real estate is involved, within the meaning of Art. V, § 3, of the V.A.M.S. Constitution. Burch v. Horn, Mo.Sup., 152 S.W.2d 88, 135 A.L.R. 1063; Brockman v. St. Louis Union Trust Co., Mo.Sup., 38 S.W.2d 1010; Adams v. Adams, 352 Mo. 389, 177 S.W.2d 483; Leach v. Armstrong, Mo.Sup., 149 S.W.2d 865; Rawlings v. Rawlings, Mo.Sup., 39 S.W.2d 367; Kaufmann v. Kaufmann, Mo.Sup., 40 S.W.2d 555; Farmer v. Littlefield, 355 Mo. 243, 195 S.W.2d 657; Cherry v. Cherry, Mo.Sup., 210 S.W.2d 78; Gebauer v. Gebauer, Mo. Sup., 163 S.W.2d 944.

■ For this court to have jurisdiction on the ground that title to real estate is involved, the title must be in dispute, that is, there must be a title controversy to be settled. The judgment must directly affect or operate upon the title itself, and determine title adversely to one litigant in favor of another. Nettleton Bank v. McGaughey's Estate, 318 Mo. 948, 2 S.W.2d 771.

■ Title to real estate is not involved in the jurisdictional sense where the sole question to be determined is the manner in which the partition is to be accomplished. Gebauer v. Gebauer, Mo.Sup., 163 S.W.2d 944. In such a case, title to real estate is not directly in issue. Nettleton Bank v. McGaughey's Estate, 318 Mo. 948, 2 S.W. 2d 771.

■ In the case at bar there is no dispute between the parties as to their respective titles. It is conceded by all concerned that they are tenants in common, and that their respective shares are as we have heretofore set out in this opinion. The sole issue here is as to the method to be employed in accomplishing partition of said lands. This, under the authorities above cited, is not sufficient to confer jurisdiction on this court on the theory that title to real estate is involved.

Nor do we have jurisdiction of the appeal on the ground that the amount in dispute, exclusive of interest and costs, exceeds the sum of $7,500.

■ Where the object of a suit is not to obtain a money judgment, but other relief is sought, the amount in dispute for jurisdictional purposes is determined by the value in money to the plaintiff of the relief sought, or the loss to the defendant should the relief be granted; and unless there is an affirmative showing in the record that said value is in excess of $7,500, the Supreme Court is without jurisdiction. Juden v. Houck, Mo.Sup., 228 S.W.2d 668.

■ The value of the land is not an issue on this appeal, and there is no evidence from which could be determined the value of the relief sought or the amount of loss to defendants if appellants should prevail.

We have therefore reached the conclusion that this court is without jurisdiction of this appeal. The cause is ordered transferred to the Springfield Court of Appeals.

LEEDY, Acting P. J., and BROADDUS, Special Judge, concur.