Harry J. MACK, Appellant,

v.

Hortense Ann MACK, Respondent.

No. 44532.

Supreme Court of Missouri.

Division No. 2.

Sept. 12, 1955.

Joseph J. Tomasso, Paul E. Fitzsimmons, St. Louis, for appellant.

K. Neville Ens, St. Louis, for respondent.

BARRETT, Commissioner.

During their marriage, Harry and Hortense Mack became the owners of a lot and five-room bungalow known as 4601 Delor Street. On June 10, 1953, upon her cross bill, Hortense was granted a divorce and the custody of their four children,

Harriet, age twelve, Milton, age seven, Rosemary, age five, and Ronald, age three. In January 1954 Harry instituted this action to partition the property. By motion and in her answer Hortense asked that the action in partition be dismissed for the reason that the property was impressed with a trust and was, therefore, not subject to partition until she remarried or until the youngest child reached the age of eighteen years. The basis of the defense was that at some stage in the divorce proceedings there was a pre-trial conference in the judge's chambers, the result of which there appeared in the files, perhaps in the clerk's minutes, a "Memorandum for Clerk." Wherever it appeared, the memorandum was as follows: "Decree for defendant with custody of four minor children; Plaintiff ordered to pay defendant $7.50 per week for the support of each child, being a total of $30.00 per week; Plaintiff ordered to pay defendant's attorneys, * * * the sum of $150.00 * * *. Stipulation agreed to whereby plaintiff agrees to allow defendant and four minor children to live, rent-free, in the real estate owned by the parties at 4601 Delor St., St. Louis, Mo. and whereby plaintiff agrees to pay all real estate taxes and insurance premiums on fire and extended coverage and liability insurance." The parties, Harry and Hortense, and their attorneys placed their signatures upon the memorandum.

After hearing the parties the trial court entered a decree which recites that "by reason of said stipulation agreed to by plaintiff and defendant in said divorce action, said agreement impressed a trust on said real estate at 4601 Delor St., St. Louis, Mo. until the youngest child of said marriage reaches the age of 18, or until the defendant, Hortense Ann Mack, remarries." After entering a judgment declaring the property impressed with a trust, the court denied partition and dismissed Harry's petition. Upon this appeal it is claimed, since they were tenants in common, that Harry was entitled as a matter of law to have the property partitioned. It is urged that the court erred in admitting and hearing certain evidence and in impressing a trust upon the property for the reason that the memorandum did not create a trust or justify the court in decreeing a trust. But, in view of the conclusion that this court does not have jurisdiction of the appeal, we are not concerned with the merits of the cause and the questions briefed and argued by the parties.

It is asserted that jurisdiction is in this court by reason of the fact that the case is one "involving * * * the title to real estate". Const.Mo. art. 5, § 3, V.A.M.S. It may appear off hand, since the action is in partition and a trust has been declared, that the case is one involving the title to real estate in the constitutional, jurisdictional sense. But the problem is one of jurisdiction and concerns the power of this court to determine the controversy upon appeal initially. Simms v. Simms, Mo., 253 S.W.2d 814. Jurisdiction may not be conferred by consent of the parties and it is the duty of this court to determine the fact, and if the case does not in point of fact involve the title to real estate, the appeal must be transferred to the appropriate court of appeals. State ex rel. and to Use of Northside Church of God, Ava, Mo. v. Church of God, Anderson, Ind., Mo., 243 S.W.2d 308. For an action to involve the title to real estate in the constitutional, jurisdictional sense the judgment sought or rendered must directly affect or operate upon the title. Title must be in issue directly, not collaterally or incidentally, and the judgment must adjudicate a title controversy. "The judgment sought or rendered must be such as will directly determine title in some measure or degree adversely to one litigant and in favor of another; or, as some of the cases say, must take title from one litigant and give it to another." Nettleton Bank v. Estate of McGauhey, 318 Mo. 948, 953, 2 S.W.2d 771, 774. Thus the form of the action is not determinative (Devoto v. Devoto, 326 Mo. 511, 31 S.W.2d 805), it is the fact of involving title, and, if the action and judgment do not meet these essential and basic requirements, the appeal is not directly to this court.

The mere fact that the action is in partition does not necessarily mean that there is a title controversy, or that title is even in dispute, as here where it must stand conceded that the parties are tenants in common and the owners in fee simple, before and since the court's decree. Stewart v. Stewart, Mo., 269 S.W.2d 49. If the sole question involved is the mere right to prosecute the action, not the substantive fact of actually partitioning real estate in such a manner as to affect the title to the land, title to real estate is not involved. In this case it has not been decreed that Harry is not entitled to partition in any event, it has been decreed that his right to do so has been postponed until the expiration of the trust. In this respect the case is comparable to the instances in which partition has been denied because contrary to the terms of a will or until the expiration of an option. It was held in all those cases that they did not involve title to real estate and that this court did not have jurisdiction of the appeals. Farmer v. Littlefield, 355 Mo. 243, 195 S.W.2d 657; Kaufmann v. Kaufmann, Mo., 40 S.W.2d 555; Brockman v. St. Louis Union Trust Co., Mo., 38 S.W.2d 1010.

And so it is with respect to the trust, some trust cases involve the title to real estate and some do not. In the recent case of James v. James, Mo., 248 S.W.2d 623, it was held that the defendant held the legal title to the real estate involved for the use and benefit of the plaintiff, the grantee's wife, to whom the property in fact belonged. There the effect of the recognition and enforcement of a resulting trust was to transfer title from one person to another and it was held therefore that title to real estate was involved in the constitutional, jurisdictional sense. Another class of trust cases involving the title to real estate are those in which a trust is sought or established upon the theory that one party paid all or a part of the purchase price and the legal title to the property was transferred to the other party. In those cases the effect of the decree sought or rendered is to in fact transfer title or some interest in the land. Cassity v. Cassity, Mo.App., 240 S.W. 486; Park v. Park, Mo., 259 S.W. 417; Proffit v. Houseworth, 360 Mo. 947, 231 S.W.2d 612; Warford v. Smoot, 361 Mo. 879, 237 S.W.2d 184. While there may be some difficulty in following Hewitt v. Price, Mo.App., 74 S.W. 884, the case falls in the latter category. The decree in that case did not have the effect of establishing a mere lien, it restored the parties to their former position of tenants in common, thereby altering or changing the title. Another class of trust cases involving title to real estate are those in which the purpose and effect of the decree is "to impeach the title" of one party "and change her apparent fee-simple absolute into an equitable fee in trust for the plaintiff". McGregor-Noe Hardware Co. v. Horn, 146 Mo. 129, 47 S.W. 957, 958; Thorn v. Poynor, 187 Mo.App. 390, 172 S.W. 1195.

On the other hand, if the trust case does not in fact involve title to real estate, jurisdiction of the appeal is not in this court. The distinctions to be observed were indicated in Brannock v. Magoon, 216 Mo. 722, 116 S.W. 500, 502. It was first pointed out in that case that the judgment appealed from and not the pleadings determined whether title to real estate was involved for appellate purposes. As to the pleadings, however, the court said: "In the ordinary action to declare a resulting trust, title to real estate is involved; that is to say, where the petition asks that by reason of a resulting trust the title to real estate be decreed out of one person and decreed to be in another. The petition in this case does not so proceed. The pleader seemed to realize that there was more money in the property than the money belonging to the alleged trust fund, so that the pleader only asked that the alleged trust fund be made a lien upon the property." As to the judgment the court said: "That judgment up to a certain point does not disturb the title in Magoon. In fact, it recognizes the title to be in him, and only creates a lien thereon, which lien could be discharged, and the title therein left intact. * * * The petition in the case did not ask that the title be decreed out of Magoon, but only

that a lien be enforced against the property. The judgment did not divest Magoon of title, but left the title in him, but subjected it to a lien. Where there is a mere dispute as to whether or not a lien exists against real estate, the title to real estate is not so involved as to confer jurisdiction upon this court." Brannock v. Magoon, 216 Mo. loc. cit. 726, 727, 730, 116 S.W. loc. cit. 502, 503.

There is more than a persuasive analogy in the cases in which a license, or an option, is recognized and enforced, or in which an equitable lien for taxes and improvements is established and enforced against the property. These cases are to be contrasted with the cases in which an easement, an interest in real estate, is found and decreed. Missouri State Oil Co. v. Fuse, 360 Mo. 1022, 232 S.W.2d 501. For example, in Wood v. Gregory, Mo., 155 S.W.2d 168, 138 A.L.R. 142, an ejectment suit, the defendant claimed a license to occupy the plaintiff's real property as long as he operated a general mercantile business on the premises. The court pointed out that a license is not an interest in land, that there was no controversy over the ownership of the property or of any interest in it, the only matter litigated was the defendant's right to possession under the license, and the appeal was held not to involve the title to real estate within the meaning of the constitution. So too in the lease cases in which one party claimed the right to possession under a lease, it was held that the action and appeal did not involve the title to real estate. General Theatrical Enterprises v. Lyris, Mo., 121 S.W. 2d 139; Bussen v. Del Commune, Mo., 195 S.W.2d 666. In all these cases the effect of the decrees was to postpone the owners' full enjoyment of their titles, they did not in fact change or adjudicate titles, the titles were admitted. Adams v. Adams, 352 Mo. 389, 177 S.W.2d 483, 485, was a partition suit in which the court decreed a lien on the plaintiff's interest in land for taxes and improvements. The court said, "The respective titles of the coparceners stand undisputed. The enforcement of respond-ent's equitable lien on the tract did not raise a title issue."

 And so it is here, Harry's and Hortense's title as tenants in common is admitted and undisturbed. The decree that the real estate, or more particularly Harry's interest, is impressed with a trust for the occupancy of Hortense and her children until she marries or the youngest child reaches the age of eighteen years does not adjudicate a title controversy so as to confer appellate jurisdiction on this court and the appeal is therefore transferred to the St. Louis Court of Appeals.

BÖHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.